07-3859BZ

FILED 07 JUL 27 PM 2:03 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**United States District Court**
**for the District of Columbia**
**Clerk's Office**
**333 Constitution Avenue, NW**
**Washington, D.C. 20001**

Nancy Mayer-Whittington
Clerk

**July 11, 2007**

Clerk's Office
United Stated District Court
for the Northern District of California
**450 Golden Gate Ave.**
**Clerk's office is on the 16th Floor**
**San Francisco, CA 94102**

**C 07 3859 BZ**

**RE: 06-cv-1189 JACKO v. BARNES (RWR)**

Dear Clerk:

On April 27, 2007, this Court signed an order transferring the above-entitled case to your Court. Enclosed is a copy of that order together with certified copies of our case file, and a copy of the docket entries.

Please acknowledge receipt of our file on the duplicate copy of this letter. Please indicate your case number somewhere on the receipt.

NANCY MAYER-WHITTINGTON, Clerk

By: [signature]

Jacqueline M. Francis
Assistant Case Calendar Clerk
US District Court for the District of Columbia
333 Constitution Ave, NW
Washington, D.C. 20001
(202) 354-3174
jacqueline_m_francis@dcd.uscourts.gov

FILED
JUN 2 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RICKY JACKO
160 Sinclair Sreet Apt 257
Reno, Nevada 89501
Phone: 775.284.9645
Email: rickyjacko@hotmail.com
Richard O. Gaytan Former Representative
209.862.3755

**TO THE UNITED STATES DISTRICT COURT**
**WASHINGTON, D.C.**

---

**Ricky Jacko,**
**Complainant,**

**V.**

LARRY BARNES, POSTMASTER OR SUCCESSOR
US POST OFFICE
201 - 13TH ST
CIVIC CENTER
OAKLAND CA 94612

CASE NUMBER 1:06CV01189

JUDGE: Richard W. Roberts

DECK TYPE: Employment Discrimination

DATE STAMP: 06/29/2006

---

RECEIVED
JUN 19 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**I, Ricky Jacko ssn: 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 am requesting District Court Representation and a Court Appointed Attorney and or my own Attorney to seek justice on my behalf.**

**Statement of the facts**

**I, Ricky Jacko is and all times mention herein is a Nevada resident with my principal resident at 160 Sinclair Street Apt 257 Reno, Nevada in the county of Washoe . I, Ricky Jacko am a disabled veteran that has experience events of extreme stress know as Post Traumatic Stress Disorder (PTSD) while on active duty in the Navy from 1976 thru 1980. Unknowing to myself I had develop PTSD when I applied and was hired as a postal worker on 04/06/1985 with a Veteran preference of 2.**

RECEIVED
MAY 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Request for District Court Representation Page 2**

**I was assigned to the Pleasanton (California) Post Office District 94566 as a postal carrier until he submitted a U.S. POSTAL SERVICE , RESIGNATION FROM POSTAL SERVICE FORM 2574 on 08/13/87. He stated his reasons for Resignation is "To Return to College via: pursue another career Field." This was approve by my supervisor Joyce Blackshure. He was a carrier for approximately 2 years and 4**

**months. While on as a postal carrier he was accused of misconduct from his supervisor Joyce Blackshure.**

**There was an investigation conducted and I was cleared of all accusations especially when Lenoard Hibbler a former mail carrier and roommate of mine signed a written confession to stealing mail. I was unjustly suspended for something I completely knew nothing about by Joyce Blackshure even though the FBI cleared me. I also had Bruce Holt; Union Shop Steward 1111 as a represntative on several occasions including all of the harassment Joyce Blackshure was giving me.**

**After I was unjustly suspended for another 4 weeks by Joyce Blackshure, I had no choice but to borrow some money from my customers because I was starving and broke, not to mention I had to eventually move out of my plush apartment which was 3 blocks away from the Pleasanton Post Office where I worked. Now why would I even want to steal some mail, especially that close to my house. It is unfortunate that Lenoard did not consider the consequences when he did this.**

**Unknowing to myself that I had "PTSD" the postal service had failed to recommend me to any Employee Assistant Program (EAP) for any misconduct behavior as a problem employee.**

**I also wish to obtain a court appointed attorney on my behalf to persue justice because the codes 311 and 872 which I was later informed by my former representative Richard O. Gaytan were not recognized by the U.S. Postal Service after these codes were enforced by the Honorable Judge Aronondo; United States Merit Systems Protection Board San Francisco, California. In other words, I was given the run around and left in the dark for years. This definitely affected me emotionally which meant I gave up momentarily because I could not trust the system anymore and I lost faith in the Government that I served honorably and faithfully for 10 years of my life in the United States Navy and Army National Guard .**

**Prior to submitting my resignation, I had received a step increase on 02/14/1987 and had accumulated 132 hours of unused sick leave hours and 170.06 of annual leave when he resigned. This is over a year without being sick and he admits using 70 hours of annual leave due to the harassment he had received from his supervisor.**

**I even had to check myself into the Veterans Admininstration Mental Health Ward in Martinez California and in Menlo Park, California before I resigned because I was afraid I was going to do something to Joyce and Jose that I may regret. I really became depressed and suicidal. That's why I checked in to the VA Hospital thinking that they would help me. It hurt me more at the time than it helped due to all of the attack thearaphy and I had had enough of this due to the military life and dealing with Joyce Blackshure's rage every morning.**

**I had filed grievances with my union. I do not recall if they ever been resolved. Upon receipt of his Standard Form 50 which was signed by Joseph R. Carver the Regional Postmaster General, dated 08/21/1987. In the year 1990 Ricky Jacko reapplied for a position back into the postal service and by reapply he discovered that his SF 50 had a negative entree stating " Resignation Charges Pending To Separate Employee For Unacceptable Conduct", he was denied reemployment to the postal service.**

**I filed a complaint with the Merit System Protection Board where on November 9, 1990 an Order was issued by Philip L. Arnaudo, Administrative Law Judge. Both myself and the agency representative agreed to settle. The settlement failed to include the correction of my SF 50 to show that an error was enter about the misconduct.**

**REDRESS MEDIATION**

**The records will show that the Postal Services has not conducted any type of investigation that showed any misconduct by Ricky Jacko according to SF 50. On May 25, 2004 a redress meditation was held at the Personnel Conference Room 431, at 9:00AM at Oakland Business Tower located at 1675 7th Street Oakland, CA** 94615.

**Those in attendance are as follows:** Ricky Jacko, Complainant, Richard Gaytan, complainant representative, Sharon Morris, Management Official and Lou Ann Lucke-Aaber, Mediator. **A second session was reschedule because the agency failed to provide any written documentation of the investigation that was**

**conducted or any disciplinary action brought against Ricky Jacko. On June 14, 2004 the second redress mediation was held at the same location. Those attending where as follows:** Ricky Jacko, complainant, Richard Gaytan , complainant representative, Shirley Morris, Personnel Manager , Sharon Barton, Labor Relations Specialist and LouAnn Lucke-Aaber, Mediator.

**Again the Postal Service had failed to provide any evidence or wrong doing by Ricky Jacko. Reasons are that my 1982 postal records were there but my second appointment by Jose Cantu, I repeat my second appointment which was from 1985 to 1987 due to the test scores I scored at least a 80% percentile on got me appointed again. The 1985 through 1987 files including all of the grviences I filed against Joyce Blackshure via Bruce Holt disappeared. I also had her on a few harassment charges as well.**

**My question is as the same as Richard O. Gaytans; What happened to the 1985 to 1987 records. The 1982 postal records when I was hired by the same poastmaster at the time Jose Cantu were there but again the 1985 to 1987 records were totally missing We witnessed these files missing on the day of my redress which probably contained Lenoard Hibblers confession that could have easily cleared me. Never the less that what the first federal order by the MSPB was about All of this should have beeen squashed however not only was I given the run around several times concerning reinstatement at several bay aera Post Offices from the MSPB order but also the Las Vegas Post Office made me re take the U.S. Postal In-Service exam in 1998 when I applied for reinstatement due to the MSPB Order of 1990 that they did not even follow. I had to walk in the hot Nevada sun and sit in for 4 hours to take this test and I passed it for almost every position and they still put me on a list and did not follow the total order with the codes interfaced in the order.**

**At the Redress Meeting my Official Personal File (OPF), contain only date of hired, dates of his step-increase and personnel training. Shirley Morris was unwilling to ask her immediate supervisor to have Ricky Jacko to be reconsider for reinstatement.**

**And Sandra Barton who recalls being attached to Judge Arnaudo staff when he issued his** Order **on November 9, 1990, only recalls the facts of the case on through hearsay. According to the records it will show that the** Order signed by Jude Arnaudo, **that "The agency agrees to accept and consider the appellant's application and process it in accordance with section 873 of the Employment and Labor Relations Manual and provisions of the handbook EL-311."**

**This** Order **also included the correction of my SF50. Since the agency failed to correct my SF 50 he has been denied rehired rights and the agency must go by EL-311** (870 Employees Assistance Program, Sec. 873 Reinstatement of Recovered Employees (PTSD)), **because EL-311 was in effect at the time not EL-312.**

RELIEF SOUGHT

**I respectfully again to request this case go before the United States District Court and I also request a court appointed attorney and the court to order the defendants to reinstate myself ( Mr. Jacko ) and pay for damages based on the facts for** *lost wages* **based on yearly salary of $29,078.00 and lost overtime based on yearly pay of $8,736.00 total sum of $37,814.00 dating from 8/13/1987 to the present. (Totaling $718,466.00 ) This does not include all entitlements due to me, on this matter. I also request the court to have the Postal Service place me on disability retirement if they are not willing to reinstate me. I have suffered greatly.**

Also Compensatory Damages for Pain and Suffering due to wrongful termination which caused emotional distress on me and my family. **Reinstatement to Mr. Jacko's prior position as a Mail Carrier, Computer Operator at any of the three United States Postal Data Centers located in San Mateo, California,,South Carolina, and Eagan, Minn., or any position he is qualified for due to him being forced to take the United States Postal In-Service Battery Exam.**

**If defendant does not wish to reinstate me, then I request the court to grant** *Punitive Damages*, of 3 Million dollars.

**Complaintints Signature:** Ricky Jacko
May 8, 2006 (2nd Filing)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

Ricky Jacko,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A60178

Agency No. 4-F-945-0136-04

Hearing No. 370-2005-00190X

DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts complainant's appeal from the agency's final order in the above-entitled matter.

Complainant filed the captioned complaint on June 23, 2004, claiming that the agency discriminated against him on the bases of disability (hearing loss and post-traumatic stress disorder) and in reprisal for prior protected activity when:

> On April 16, 2004, the agency denied his request for reinstatement, in violation of his November 1990 Merit System Protection Board (MSPB) settlement agreement.

The record reflects that the agency proposed to terminate complainant's employment in 1987, due to misconduct, and complainant therefore resigned.[1] Complainant filed an appeal with the MSPB, which was resolved by a settlement agreement, dated November 9, 1990. The settlement agreement contains provisions that make reference to sections of the agency's Employee and Labor Relations Manual (ELRM)addressing reinstatement. In the instant matter, which arose approximately 14 years later, complainant requests reinstatement at the Bay Valley, California postal facility, and the agency denied the request.

06 1189

FILED
JUN 2 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

[1]The record reflects that complainant was charged with soliciting money from his postal customers.

NOTE: The so called solication charge was suspossed to have been dropped During the MSPB Hearing 1990, I was suss posed to be given EAP Assist. Ricky Jacko

The agency investigated the complaint, and pursuant to complainant's request, the case was transferred to an EEOC Administrative Judge (AJ) for a hearing. On July 7, 2005, the AJ issued a decision without a hearing, finding no discrimination. In her decision, the AJ determined that no material facts were in dispute, such that summary judgment was appropriate, and then adopted the agency's conclusions of law as set forth in its Response to her Notice of Intent to Issue a Decision Without a Hearing. The AJ concluded that complainant failed to establish a *prima facie* case of discrimination based on disability or reprisal. Specifically, the AJ found that complainant presented insufficient evidence to show that he was substantially limited in a major life activity because of his claimed disabilities, and also failed to show that similarly situated individuals who did not have disabilities were treated more favorably. Regarding the basis of reprisal, the AJ determined that complainant's claimed prior protected EEO activity actually occurred *after* the agency denied his request for reinstatement, so that this claim failed as well.

However, even assuming *arguendo* that complainant established a *prima facie* case of disability discrimination, the AJ found that the agency articulated legitimate, non-discriminatory reasons for its decision; namely, that his request was denied based on his unemployment for the past two years and his employment history at the Pleasanton Post Office, from April 1985 to August 1987, as contained in his Official Personnel File. Next, the AJ found complainant offered no evidence to show that the agency's reasons were untrue; and, no more than speculation to show that the denial was motivated by disability-based discriminatory animus. The AJ also found no evidence that the agency failed to adhere to the ELRM in denying complainant's request for reinstatement.

On August 17, 2005, the agency issued a final action, adopting the AJ's determination.

As an initial matter, we find that to the extent that complainant is claiming that the agency's denial of his request for reinstatement constitutes a violation of the MSPB settlement agreement, we find that this is not a cognizable claim under the EEOC's regulations. Specifically, under EEOC regulations, a settlement agreement reached during the MSPB appeal process is not subject to the jurisdiction of the Commission. *See* 29 C.F.R. § 1614.501. Such an alleged breach is more properly brought before the MSPB. Therefore, we find that this claim must be dismissed on the grounds of failure to state a claim. *See* 29 C.F.R. § 1614.107(a)(1)

Notwithstanding the above, assuming that complainant's claim does not fall within the purview of the MSPB settlement agreement, and viewing it as a claim of disparate treatment, in order to prevail, complainant must typically satisfy the three-part evidentiary scheme fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Complainant must establish a *prima facie* case by demonstrating that he was subjected to an adverse employment action under circumstances that would support an inference of discrimination. *See Furnco Construction Co. v. Waters*, 438 U.S. 567, 576 (1978). However, the *prima facie* inquiry may be dispensed with in this case, as to both his claim of disability discrimination and reprisal, since the agency has articulated legitimate and nondiscriminatory reasons for its decision. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-17 (1983); *Holley v.*

*Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997).[2] To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is a pretext for discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

The Commission determines that there are no material facts in dispute, and that the record supports a finding that the responsible management officials rejected complainant's request for reinstatement based on information showing that he was unemployed for two years prior to his request, and also because of his employment record, which reflected that he resigned pending termination due to misconduct. We note that one of the involved management officials indicated that she could not return complainant to employment given that his misconduct could potentially be viewed as an illegal activity. We further find that complainant provides no evidence to demonstrate that these reasons are a pretext for disability-based discrimination or retaliation.

In conclusion, after a review of the record in its entirety, we **AFFIRM** the agency's final order, because the Administrative Judge's issuance of a decision without a hearing was appropriate and a preponderance of the record evidence does not establish that discrimination occurred.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O.

---

[2]For the purpose of this analysis only, we assume, without finding, that complainant is an individual with a disability, as that term is defined in Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*

Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days from the** date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden

Carlton M. Hadden, Director
Office of Federal Operations

MAR 17 2006
Date

**CERTIFICATE OF MAILING**

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

MAR 1 7 2006
Date

Equal Opportunity Assistant

U.S. POSTAL SERVICE

RESIGNATION FROM POSTAL SERVICE

INSTRUCTIONS: EMPLOYEE complete Items 1 through 11 and submit form to your immediate supervisor, tour superintendent, or other official designated to receive resignations.

The collection of this information is authorized by 39 USC 1001. This information will be used to finalize the record of your employment with the Postal Service. As a routine use, this information may be disclosed to an appropriate law enforcement agency for investigative or prosecutive purposes, to a congressional office at your request, to OMB for review of private relief legislation, to any agency where relevant to hiring, contracting or licensing, to a labor organization as required by the NLRA, to the EEOC when investigating an EEO complaint, and where pertinent, in a legal proceeding to which the Postal Service is a party.

TO BE COMPLETED BY RESIGNING EMPLOYEE

| 1. INSTALLATION OR STATION | 2. DATE SUBMITTED | 3. PRINTED NAME (Last, First and Middle) |
|---|---|---|
| US POST OFFICE Pleasanton CA 94566 | 8-13-87 | Jacko, Ricky |

| 4. SOCIAL SECURITY NO. | 5. TOUR | 6. MAILING ADDRESS (House/Apt. No., Street, City, State and ZIP Code) |
|---|---|---|
| 546314yr | | 433 44th ST Richmond CA 94805 |

7. REASON(S) FOR RESIGNATION (Give specific reason(s) for your resignation. Avoid generalized reasons such as, "Ill health," "Personal reasons," etc. Use reverse for additional remarks.)

TO Return to college via : persue another carrer Field

| SIGNATURE | 10. SUPERVISOR | 11. EFFECTIVE DATE (Resignation) |
|---|---|---|
| Ricky Jack | Joyce Blackshear | Ricky Jack 8-13-87 |

Form 2574
b. 1980

(File permanently in OPF)

06 1189

FILED

JUN 29 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT 1
2 of 8

EFFECTIVE DATE: 8/13/87 | SEQUENCE NO. | USPS UCFE CODE:

U.S. MAIL

NOTIFICATION OF PERSONNEL ACTION

SOCIAL SECURITY NO. 323 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

EMPLOYEE INFORMATION

| LAST NAME | FIRST NAME | INIT. | DATE OF BIRTH | VET PREF. | PRIOR CSRS | TSP ELIG. | LIFE INS. | RET PLAN |
|---|---|---|---|---|---|---|---|---|
| JACKO- | RICKY | | 11/26/55 | 2 | | E | R | 8 |

| LEAVE COMP | ENTER ON DUTY | RETIREMENT COMP | TSP-SCD | NEXT STEP PP-YR | NOT TO EXCEED CODE | NOT TO EXCEED PP-YR | PROBATION EXPIRE CODE | PROBATION EXPIRE PP-YR | EMPL STATUS |
|---|---|---|---|---|---|---|---|---|---|
| 04/06/81 | 04/06/35 | 04/06/81 | 04/06/85 | 01-88 | | | | | |

| LEAVE DATA CAT | CHANGE PP-YR | TYPE | SAVED PROTECTED DATA RSC | GRADE/STEP | PP-YR | HOURS | MILES | SP CODE | INDEBT USPS | EMPL TYPE | SEX | MINORITY | HANDICAP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 09-94 | 1 | | | | | | | | | | | |

| CAREER CONDITIONAL DATE | SVC ANNIV. PP-YR | FROZEN CSRS | CRBL MIL SERV | ACADEMIC DATA CODE | LEVEL | YEAR | DISCIPLINE | POSTAL LIFE | RETIRED MILITARY | COLA | RURAL HRS | RURAL MI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/06/85 | 08-85 | | | 2 | 07 | | | Y | | 2517 | | |

| MAILING ADDRESS—STREET/BOX/APT. NO. | CITY | ST. | ZIP + 4 | DUTY STATION NAME |
|---|---|---|---|---|
| 331 HOLLY STREET | OAKLAND | CA | 94612-2344 | POSTMASTER PLEASANTON CA |

POSITION INFORMATION

| FINANCE NO. | EMPLOYING OFFICE NAME | ZIP + 4 | | PAY LOC. |
|---|---|---|---|---|
| 05-6138 | POSTMASTER PLEASANTON CA | 94566-9599 | | 131 |

| DUTY STATION FINANCE NO. | LABOR DISTR. | DES/ACT | POS. TYPE | LIMIT TOUR | RATE CODE | ALLOW CODE | ORG. COVER | RED CIRCLE | ROUTE NO. | L-RTE ID | PAY TYPE | TRP WKLY | FLSA | COMMIT | GUARANTEED SALARY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05-6138 | 21 | 13 | 1 | | A | 5 | | 0 | | | | | | | |

NATURE OF PERSONNEL ACTION — RURAL CARRIER DATA

| NOA | NATURE OF ACTION DESCRIPTION | AUTHORITY | MERIT ANNIV. |
|---|---|---|---|
| 310 | RESIGNATION CHARGES PENDING | 39-USC SECT. 1001 | |

REMARKS — CODE 504 — CODE 521 — CODE 522 — CODE 649

EMPLOYEE TO BE PAID FOR ALL ACCUMULATED LEAVE TO WHICH ENTITLED UNDER EXISTING LAW.
-8 ISSUED 08/13/87.
LAST DAY IN PAY STATUS 08/13/87.
(14 20-AUG) RESIGNATION CHARGES PENDING TO SEPARATE EMPLOYEE FOR UNACCEPTABLE CONDUCT.
ARTICLE VI ANNIVERSARY PAY PERIOD YEAR IS 08-85

SERVICE HISTORY INFORMATION

| NOA | NOA DESCRIPTION | EFF DATE | OCCUPATION CODE | POSITION TITLE | RSC | GRADE/STEP | SALARY |
|---|---|---|---|---|---|---|---|
| 100 | CAREER APPT | 04/06/85 | 2310011XX | CARRIER CITY OR SPC | P | 05/A | [illegible] |
| 998 | CRFT COLA 051086 | 05/10/86 | 2310011XX | CARRIER CITY OR SPC | P | 05/B | 19427 |
| 997 | CONTR INC 071986 | 07/19/86 | 2310011XX | CARRIER CITY OR SPC | P | 05/B | 19927 |
| 998 | CRFT COLA 110886 | 11/08/86 | 2310011XX | CARRIER CITY OR SPC | P | 05/B | 20094 |
| 903 | CHG RIN RET PLAN | 01/01/87 | 2310011XX | CARRIER CITY OR SPC | P | 05/B | 20094 |
| 893 | STEP INCREASE | 02/14/87 | 2310011XX | CARRIER CITY OR SPC | P | 05/C | 22198 |
| 998 | CRFT COLA 050987 | 05/09/87 | 2310011XX | CARRIER CITY OR SPC | P | 05/C | 2250 |
| 310 | RESIGNATION | 08/13/87 | 2310011XX | CARRIER CITY OR SPC | P | 05/C | 2250 |

EXHIBIT 1
Page 1 of 8

AUTHORIZATION: JOSEPH R. CARAVES, REGIONAL POSTMASTER GENERAL | DATE: 08/21/87 | OPF FINANCE NO. 05/09-6

PS Form 50, MAR. 1987

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
SAN FRANCISCO REGIONAL OFFICE

| | |
|---|---|
| RICKY JACKO, Appellant, v. UNITED STATES POSTAL SERVICE, Agency. | DOCKET NUMBER SF07529110022<br>DATE: November 9, 1990 |

ORDER

During a status conference on November 9, 1990, the appellant and the agency representative agreed to settle the apellant's appeal on the basis of the terms set forth below. On the basis of these terms, a Board decision dismissing the appeal has been issued.

The appellant and the agency representative agree that the following is a complete statement of all the terms of their settlement agreement, reached freely and in good faith, in consideration of the mutual promises made below.

1) The agency agrees to accept and consider the appellant's application and process it in accordance with § 873 of the Employment and Labor Relations Manual and provisions of Handbook EL-311.

2) The agency will also provide the appellant a copy of these cited povisions.

3) The appellant will withdraw his petition before the Board.

4) This agreement resolves the matters raised by the appellant in this petition, but it is understood by the parties that the Board has no enforcement power over the agreement in

this instance because the matters raised by the appellant are not within the jurisdiction of the Board.

FOR THE BOARD:

Philip L. Arnaudo
Administrative Judge

EXHIBIT 4
PAGE 2

DD FORM 214 — CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

1. NAME (Last, first, middle): JACKO, RICKY DON
2. DEPARTMENT, COMPONENT AND BRANCH: NAVY - USN
3. SOCIAL SECURITY NO.: 546 | 31 | 9412

4a. GRADE, RATE OR RANK: FA
4b. PAY GRADE: E2
5. DATE OF BIRTH: 26 NOV 58
6. PLACE OF ENTRY INTO ACTIVE DUTY: OAKLAND, CA

7. LAST DUTY ASSIGNMENT AND MAJOR COMMAND: USS LONG BEACH CGN-9
8. STATION WHERE SEPARATED: USS LONG BEACH CGN-9 AT SAN DIEGO, CA

9. COMMAND TO WHICH TRANSFERRED: NAVAL RESERVE PERSONNEL CENTER, NEW ORLEANS, LA 70149
10. SGLI COVERAGE: AMOUNT: $ 20,000 ☐ NONE

11. PRIMARY SPECIALTY NUMBER, TITLE AND YEARS AND MONTHS IN SPECIALTY (Additional specialty numbers and titles involving periods of one or more years)

DG-9760 ELECTRICAL/MECHANICAL EQUIPMENT REPAIRMEN
(02 YEARS, 11 MONTHS)
X X X X

12. RECORD OF SERVICE

| | YEAR(S) | MONTH(S) | DAY(S) |
|---|---|---|---|
| a. Date Entered AD This Period | 76 | AUG | 04 |
| b. Separation Date This Period | 80 | AUG | 03 |
| c. Net Active Service This Period | 04 | 00 | 00 |
| d. Total Prior Active Service | 00 | 00 | 00 |
| e. Total Prior Inactive Service | 00 | 00 | 00 |
| f. Foreign Service | 00 | 00 | 00 |
| g. Sea Service | 03 | 08 | 11 |
| h. Effective Date of Pay Grade | 79 | DEC | 19 |
| i. Reserve Oblig. Term. Date | 82 | AUG | 03 |

13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)

NAVY BATTLE "E" RIBBON
X X X

14. MILITARY EDUCATION (Course title, number weeks, and month and year completed)

ECC FOR EM 362, MRPO 362, M/L EXAM FOR E-4, PAR FOR EM3. DC/FF, 1 WK, APR 77, REPAIR PARTY TRAINING, 1 WK, DEC 77.
X X X

15. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM: ☐ YES ☒ NO
16. HIGH SCHOOL GRADUATE OR EQUIVALENT: ☒ YES ☐ NO
17. DAYS ACCRUED LEAVE PAID: 6.5

18. REMARKS

NONE
X X X X X X X X X X X

19. MAILING ADDRESS AFTER SEPARATION: 265 VERNON STREET, APT. 202 OAKLAND, CA 94607
20. MEMBER REQUESTS COPY 6 BE SENT TO CA DIR. OF VET AFFAIRS ☒ YES ☐ NO

21. SIGNATURE OF MEMBER BEING SEPARATED: [signature]
22. TYPED NAME, GRADE, TITLE AND SIGNATURE OF AUTHORIZING OFFICIAL: [signature] A.BONILLA,PNC,USN,ASSTPERSOFFBYDIR OF C.O.

SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

23. TYPE OF SEPARATION: RELEASE FROM ACTIVE DUTY AND TRANSFER TO NAVAL RESERVE
24. CHARACTER OF SERVICE (Includes upgrades): HONORABLE

25. SEPARATION AUTHORITY: BUPERSMAN 3840260.2
26. SEPARATION CODE: LBK/942
27. REENLISTMENT CODE: RE-3R

28. NARRATIVE REASON FOR SEPARATION: ISN. RELEASE FROM ACTIVE DUTY AND TRANSFER TO NAVAL RESERVE

29. DATES OF TIME LOST DURING THIS PERIOD: NONE
30. MEMBER REQUESTS COPY 4 (Initials): [initials]

U-000-7110 SERVICE

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
NATIONAL GUARD BUREAU

# REPORT OF SEPARATION AND RECORD OF SERVICE

RT OF SEPARATION
RECORD OF SERVICE IN THE[1] ARMY NATIONAL GUARD OF CALIFORNIA AND AS A RESERVE OF THE [2] ARMY

1. Insert either Army or Air  2. Enlisted personnel only - insert only Army or Air Force

| LAST NAME - FIRST NAME - MIDDLE NAME | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NUMBER |
|---|---|---|
| KO RICKY (NMN) | ARNGUS/CAARNG | 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 |

| DATE OF ENL | YR | MO | DA | 5a. RANK | 5b. PAY GRADE | 6. DATE OF RANK | YR | MO | DA | 7. DATE OF BIRTH | YR | MO | DA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 89 | 08 | 31 | PFC | E-3 | | 93 | 02 | 26 | | 58 | 11 | 26 |

| 8a. STATION OR INSTALLATION AT WHICH EFFECTED | 8b. EFFECTIVE DATE | YR | MO | DA |
|---|---|---|---|---|
| ET 1 649TH MP CO, RICHMOND, CA 94804-4197 | | 94 | 06 | 07 |

9. COMMAND TO WHICH TRANSFERRED
/A

| 10. RECORD OF SERVICE | YRS | MOS | DAYS |
|---|---|---|---|
| (a) NET SERVICE THIS PERIOD | 04 | 09 | 07 |
| (b) PRIOR RESERVE COMPONENT SERVICE | 02 | 00 | 00 |
| (c) PRIOR ACTIVE FEDERAL SERVICE | 04 | 00 | 00 |
| (d) TOTAL SERVICE FOR PAY | 10 | 09 | 07 |

| 11. TERMINAL DATE OF RESERVE/MILITARY SERVICE OBLIGATION | YR | MO | DA |
|---|---|---|---|
| | 94 | 06 | 07 |

12. MILITARY EDUCATION *(Course Title, number of weeks, month and year completed)*
C/FF, 1 WK, APR 77/REPAIR PARTY TRAINING, 1 WK, EC 77///NOTHING FOLLOWS///

13. PRIMARY SPECIALITY NUMBER, TITLE AND DATE AWARDED *(Additional speciality numbers and titles)*
NONE

14. HIGHEST EDUCATION LEVEL SUCCESSFULLY COMPLETED
SECONDARY/HIGH SCHOOL 12 YRS(Gr 1-12) COLLEGE 00 YRS

15. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED THIS PERIOD *(State Awards may be included)*
NAVY BTL "E" RBN/NDSM///NOTHING FOLLOWS///

16. SERVICEMAN'S GROUP LIFE INSURANCE COV
] YES ☐ NO
AMT $ 100,000

| 17. PERSONNEL SECURITY INVESTIGATION | |
|---|---|
| a. TYPE | b. DATE COMPLETED |
| NONE | NONE |

18. REMARKS
NG PERIOD: 910812-940607. NGB FORM 22 AND NGB FORM 55 MAILED BY FIRST CLASS MAIL TO NDIVIDUAL'S LAST KNOWN ADDRESS AS SHOWN IN ITEM 19.///NOTHING FOLLOWS///

| 19. MAILING ADDRESS AFTER SEPARATION *(Street, RFD, City, County, State and Zip Code)* | 20. SIGNATURE OF PERSON BEING SEPARATED |
|---|---|
| 3 4TH STREET<br>ICHMOND, CA 94806 | SOLDIER NOT AVAILABLE TO SIGN |

| 21. TYPED NAME, GRADE AND TITLE OF AUTHORIZING OFFICER | 22. SIGNATURE OF OFFICER AUTHORIZED TO SIGN |
|---|---|
| VID T. TOLLEFSON, CW3, CA ARNG<br>ting Chief, Enlisted Personnel Management | Will O Thomas CW4 |

AUTHORITY AND REASON OTAG ORD 117-541 DTD 21 JUN 94
C 260 CALIF M/VC & PARA 8-27w NGR 600-200:FAILURE TO REPORT TO ANNUAL MUSTER

| CHARACTER OF SERVICE | 25. TYPE OF CERTIFICATE USED | 26. REENLISTMENT ELIGIBILITY |
|---|---|---|
| ORABLE | NGB FORM 55 | RE CODE: 1 |

☐ REQUEST ☐ DECLINE COPIES OF MY NGB FORM 22 INITIALS ____________

Dear District Court: These are the In-Service Exam Test. Results I was forced to take while in Las Vegas NV. 1998 (USPO. Sunset BLVD) They did not adhere to the 1990 MSPB order Either I went through a lot of stress over this also See MSPB 1990 order with codes. Thanks.

00496521 1003 RECORD CARD

| NAME | POSITION TITLE | FINAL RATING |
|---|---|---|
| JACKO RICKY | CARRIER (470) | 70.2 |

| POST OFFICE OR INSTALLATION | AREA OFFICES SELECTED | TIE BREAKERS |
|---|---|---|
| LAS VEGAS NV 89199-9998 | 01 06 13 | |

| WRITTEN | EXPERIENCE | TYPING | DICTATION | ENTRANCE | IN SERVICE | BASIC RATING | VETERAN POINTS * |
|---|---|---|---|---|---|---|---|
| | | | | | X | 70.2 | |

SPECIAL NOTES

ADDRESS (No., Street, City, State and ZIP Code)
1501 NORTH LAS VEGAS BLVD
LAS VEGAS NV 89101

| SOCIAL SECURITY NO. | DATE OF BIRTH | DATE OF EXAMINATION | INSTALLATION NO | DATE NTAC MAILED | DATE NAME ENTERED ON REGISTER |
|---|---|---|---|---|---|
| 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 | 11-53 | 04/07/98 | 31-4880 | 04/24/98 | |

PS Form 5912-A June 1979 * ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED. (ALPHABETICAL COPY)

00496521 1003 RECORD CARD

| NAME | POSITION TITLE | FINAL RATING |
|---|---|---|
| JACKO RICKY | CLERK (470) | 70.2 |

| POST OFFICE OR INSTALLATION | AREA OFFICES SELECTED | TIE BREAKERS |
|---|---|---|
| LAS VEGAS NV 89199-9998 | 01 06 13 | |

| WRITTEN | EXPERIENCE | TYPING | DICTATION | ENTRANCE | IN SERVICE | BASIC RATING | VETERAN POINTS * |
|---|---|---|---|---|---|---|---|
| | | | | | X | 70.2 | |

SPECIAL NOTES

ADDRESS (No., Street, City, State and ZIP Code)
1501 NORTH LAS VEGAS BLVD
LAS VEGAS NV 89101

| SOCIAL SECURITY NO | DATE OF BIRTH | DATE OF EXAMINATION | INSTALLATION NO. | DATE NTAC MAILED | DATE NAME ENTERED ON REGISTER |
|---|---|---|---|---|---|
| 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 | 11-53 | 04/07/98 | 31-4880 | 04/24/98 | |

PS Form 5912-A June 1979 * ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED. (ALPHABETICAL COPY)

00496521 1003 RECORD CARD

| NAME | POSITION TITLE | FINAL RATING |
|---|---|---|
| JACKO RICKY | FLAT SORTER MACHINE (470) | 70.2 |

| POST OFFICE OR INSTALLATION | AREA OFFICES SELECTED | TIE BREAKERS |
|---|---|---|
| LAS VEGAS NV 89199-9998 | 01 06 13 | |

| WRITTEN | EXPERIENCE | TYPING | DICTATION | ENTRANCE | IN SERVICE | BASIC RATING | VETERAN POINTS * |
|---|---|---|---|---|---|---|---|
| | | | | | X | 70.2 | |

SPECIAL NOTES

ADDRESS (No., Street, City, State and ZIP Code)
1501 NORTH LAS VEGAS BLVD
LAS VEGAS NV 89101

5 of 9

| SOCIAL SECURITY NO | DATE OF BIRTH | DATE OF EXAMINATION | INSTALLATION NO | DATE NTAC MAILED | DATE NAME ENTERED ON REGISTER |
|---|---|---|---|---|---|
| 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 | 11-53 | 04/07/98 | 31-4880 | 04/24/98 | |

PS Form 5912-A * ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN ...

RECORD CARD

| Field | Entry |
|---|---|
| NAME | JACKO RICKY |
| POSITION TITLE | DISTRIBUTION CLERK MACH. (470) |
| FINAL RATING | 70.2 |
| POST OFFICE OR INSTALLATION | LAS VEGAS NV 89199-9998 |
| AREA OFFICES SELECTED | 01 06 13 |
| TIE BREAKERS | |
| PART FAILED — WRITTEN / EXPERIENCE / TYPING / DICTATION | |
| TYPE OF EXAMINATION — ENTRANCE | |
| TYPE OF EXAMINATION — IN SERVICE | Y |
| BASIC RATING | 70.2 |
| VETERAN POINTS • | |
| SPECIAL NOTES | |
| ADDRESS (No., Street, City, State and ZIP Code) | 1501 NORTH LAS VEGAS BLVD LAS VEGAS NV 89101 |
| SOCIAL SECURITY NO | 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 |
| DATE OF BIRTH | 11-59 |
| DATE OF EXAMINATION | 04/07/98 |
| INSTALLATION NO. | 31-4980 |
| DATE NTAC MAILED | 04/24/98 |
| DATE NAME ENTERED ON REGISTER | |

PS Form 5912-A June 1979

• ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED.

(ALPHABETICAL COPY)

00496521 0003 RECORD CARD

| Field | Entry |
|---|---|
| NAME | JACKO RICKY |
| POSITION TITLE | MARK-UP CLERK (470) |
| FINAL RATING | INELIGIBLE |
| POST OFFICE OR INSTALLATION | LAS VEGAS NV 89199-9998 |
| AREA OFFICES SELECTED | 01 06 13 |
| TIE BREAKERS | |
| PART FAILED — WRITTEN / EXPERIENCE / TYPING / DICTATION | |
| TYPE OF EXAMINATION — ENTRANCE | |
| TYPE OF EXAMINATION — IN SERVICE | Y |
| BASIC RATING | |
| VETERAN POINTS • | N/A |
| SPECIAL NOTES | |
| ADDRESS (No., Street, City, State and ZIP Code) | 1501 NORTH LAS VEGAS BLVD LAS VEGAS NV 89101 |
| SOCIAL SECURITY NO | 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 |
| DATE OF BIRTH | 11-58 |
| DATE OF EXAMINATION | 04/07/98 |
| INSTALLATION NO | 31-4980 |
| DATE NTAC MAILED | 04/24/98 |
| DATE NAME ENTERED ON REGISTER | |

PS Form 5912-A June 1979

• ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED.

(ALPHABETICAL COPY)

00496521 0003 RECORD CARD

| Field | Entry |
|---|---|
| NAME | JACKO RICKY |
| POSITION TITLE | MAIL HANDLER (470) |
| FINAL RATING | INELIGIBLE |
| POST OFFICE OR INSTALLATION | LAS VEGAS NV 89199-9998 |
| AREA OFFICES SELECTED | 01 06 13 |
| TIE BREAKERS | |
| PART FAILED — WRITTEN / EXPERIENCE / TYPING / DICTATION | |
| TYPE OF EXAMINATION — ENTRANCE | |
| TYPE OF EXAMINATION — IN SERVICE | Y |
| BASIC RATING | |
| VETERAN POINTS • | N/A |
| SPECIAL NOTES | |
| ADDRESS (No., Street, City, State and ZIP Code) | 1501 NORTH LAS VEGAS BLVD LAS VEGAS NV 89101 |
| SOCIAL SECURITY NO | 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 |
| DATE OF BIRTH | 11-59 |
| DATE OF EXAMINATION | 04/07/98 |
| INSTALLATION NO | 31-4980 |
| DATE NTAC MAILED | 04/24/98 |
| DATE NAME ENTERED ON REGISTER | |

PS Form 5912-A June 1979

• ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED

(ALPHABETICAL COPY)

00496521 0003

RECORD CARD

| NAME | POSITION TITLE | FINAL RATING |
|---|---|---|
| JACKO RICKY | MAIL PROCESSOR (470) | INELIGIBLE |

| POST OFFICE OR INSTALLATION | AREA OFFICES SELECTED | TIE BREAKERS |
|---|---|---|
| LAS VEGAS NV 89199-9993 | 01 06 13 | |

| PART FAILED | | | | TYPE OF EXAMINATION | | BASIC RATING | VETERAN POINTS * |
|---|---|---|---|---|---|---|---|
| WRITTEN | EXPERIENCE | TYPING | DICTATION | ENTRANCE | IN SERVICE | | |
| | | | | | Y | | N/A |

SPECIAL NOTES

ADDRESS (No., Street, City, State and ZIP Code)

1501 NORTH LAS VEGAS BLVD
LAS VEGAS NV 89101

| SOCIAL SECURITY NO | DATE OF BIRTH | DATE OF EXAMINATION | INSTALLATION NO. | DATE NTAC MAILED | DATE NAME ENTERED ON REGISTER |
|---|---|---|---|---|---|
| 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 | 11-59 | 04/07/98 | 31-4893 | 04/24/98 | |

PS Form 5912-A June 1979

* ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED

(ALPHABETICAL COPY)



DEPARTMENT OF VETERANS AFFAIRS
Medical Center
1700 Vegas Drive
Las Vegas, NV 89106

In Reply Refer To:

October 16, 2002

Re: Ricky Jacko
SSN: 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

To whom this concerns:

Mr. Jacko has asked me to write a letter in his behalf concerning Post Traumatic Stress Disorder (PTSD). This is to inform you that Mr. Jacko has been diagnosed in July 2002 with chronic PTSD by the PCT PTSD Team at the Southern Nevada Healthcare System, Las Vegas, NV. He continues to receive treatment at this facility.

Mr. Jacko experienced events of extreme stress while on active military duty in U.S. Navy from 1976-1980. He continues to experience symptoms of PTSD at the moderate to severe level in both frequency and intensity of the symptom. He remains in the early treatment stage for PTSD, and the severity of the PTSD symptoms are expected to remain unchanged for the foreseeable near future.

If additional information is needed, please feel free to contact me at 702.636.3000 x4415.

Sincerely,

Gustave E. Krauss, MBA, MA
Licensed Professional Clinical Counselor
State of Ohio #E-0001359
PTSD Services



DEPARTMENT OF VETERANS AFFAIRS
Medical Center
1700 Vegas Drive
Las Vegas, NV 89106

In Reply Refer To:

October 16, 2002                                        Re: Ricky Jacko
                                                        SSN: 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

To whom this concerns:

Mr. Jacko has asked me to write a letter in his behalf concerning Post Traumatic Stress Disorder (PTSD). This is to inform you that Mr. Jacko has been diagnosed in July 2002 with chronic PTSD by the PCT PTSD Team at the Southern Nevada Healthcare System, Las Vegas, NV. He continues to receive treatment at this facility.

Mr. Jacko experienced events of extreme stress while on active military duty in U.S. Navy from 1976-1980. He continues to experience symptoms of PTSD at the moderate to severe level in both frequency and intensity of the symptom. He remains in the early treatment stage for PTSD, and the severity of the PTSD symptoms are expected to remain unchanged for the foreseeable near future.

If additional information is needed, please feel free to contact me at 702.636.3000 x4415.

Sincerely,

Gustave E. Krauss, MBA, MA
Licensed Professional Clinical Counselor
State of Ohio #E-0001359
PTSD Services

AO 240 (Rev. 10/03)

FILED
JUN 2 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

Ricky Jacko District of COLUMBIA

Ricky Jacko
Plaintiff

V.

LARRY BARNES POSTMASTER OR SUCCESSOR
US POST OFFICE- 201 13TH ST
CIVIC CENTER OAKLAND CA 94612
Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

06 1189

CASE NUMBER: [redacted]

I, RICKY JACKO declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant/respondent ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated? ☐ Yes ☑ No (If "No," go to Part 2)

   If "Yes," state the place of your incarceration ____________

   Are you employed at the institution? ________ Do you receive any payment from the institution? ________

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed? ☐ Yes ☑ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☐ Yes ☑ No
   b. Rent payments, interest or dividends ☐ Yes ☑ No
   c. Pensions, annuities or life insurance payments ☐ Yes ☑ No
   d. Disability or workers compensation payments ☑ Yes ☐ No — Social Security Disability.
   e. Gifts or inheritances ☐ Yes ☑ No
   f. Any other sources ☐ Yes ☑ No

RECEIVED
MAY 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
JUN 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

2

AO 240 Reverse (Rev. 10/03)

4. Do you have any cash or checking or savings accounts? ☐ Yes ☒ No

If "Yes," state the total amount. ____________

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☐ Yes ☒ No

If "Yes," describe the property and state its value.

RECEIVED
MAY 26 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

Larica Fantasia Jacko; She recives part of my LFJ Social Security Disability; seperate she recieves Account. $500.00 per month She lives in Oakland California Seperate social security — 12yrs old; Lives with great grandmother

I declare under penalty of perjury that the above information is true and correct.

5-24-2006 | Ricky Jacko
Date | Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

ORDER OF THE COURT

RECEIVED
JUN 19 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| The application is hereby denied. | The application is hereby granted. Let the applicant proceed without prepayment of costs or fees or the necessity of giving security thereof. |
|---|---|
| United States Judge ____ Date ____ | [signature] United States Judge — 6/27/06 Date |

*** REC 20053411 125239 H7E24BE0 PTS9 CIPQRA PRSC ***

SOCIAL SECURITY ADMINISTRATION

Date: December 7, 2005
Claim Number: 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A
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DI

RICKY JACKO
GENERAL DELIVERY
RENO NV 89501-9999

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

Information About Current Social Security Benefits

Beginning December 2005, the full monthly Social Security benefit before any deductions is......$ 973.90

We deduct $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment is........$ 973.00
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month. (For example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.

[Dat]e of Birth Information

[T]he date of birth shown on our records is November 26, 1958.

[Other] Important Information

[FO]R 2005 BENEFITS WERE $935.00 FOR 2006; BENEFITS WILL BE $947.00 DUE TO [OVER]PAYMENT W/HOLDING

[Type of] Social Security Benefit Information

[You a]re entitled to monthly disability benefits.

06 1189
FILED
JUN 2 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

If You Have Any Questions

If you have any questions, you may call us at 1-800-772-1213, or call your local Social Security office at 800-352-1605. We can answer most questions over the phone. You can also write or visit any Social Security office. The office that serves your area is located at:

SOCIAL SECURITY
1170 HARVARD WAY
RENO, NV 89502

If you do call or visit an office, please have this letter with you. It will help us answer your questions.

OFFICE MANAGER

...L SECURITY ADMIN.
...Y
...V ...502-2107

RECEIVED
MAY 26 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
JUN 19 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case 1:06-cv-01189-RWR Document 3 Filed 07/10/2006 Page 1 of 2

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Ricky Jacko | CA-06-~~1187~~ 1189 ESH |
| DEFENDANT | TYPE OF PROCESS |
| Larry Barnes, Postmaster | S&C |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
U.S. Attorney

**AT** ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
501 3rd St.,NW

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| Number of process to be served with this Form - 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

Fold | Fold

| Signature of Attorney or other Originator requesting service on behalf of: | ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| | | | |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 16 | No. 16 | [signature] | 7/3/06 |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*
Nelson J. Muhammad Legal Assistant

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time |
|---|---|
| 7/5/06 | 9 57 am |

Signature of U.S. Marshal or Deputy [signature] 3680

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 45 | | | 45 | | | |

REMARKS:

PRIOR EDITIONS MAY BE USED

1. CLERK OF THE COURT

FORM USM-285 (Rev. 12/15/80)

Case 1:06-cv-01189-RWR Document 2 Filed 07/10/2006 Page 2 of 2

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

PLAINTIFF: Ricky Jacko
COURT CASE NUMBER: cA-06-1187 ESH
DEFENDANT: Larry Barnes, Postmaster
TYPE OF PROCESS: S&C

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN: U.S.Attorney General

**AT** ADDRESS (*Street or RFD, Apartment No., City, State and ZIP Code*): 950 Pa. Ave.,NW

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Number of process to be served with this Form - 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service*):

Fold Fold

Signature of Attorney or other Originator requesting service on behalf of: ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (*Sign only first USM 285 if more than one USM 285 is submitted*) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 16 | No. 16 | [signature] | 7/3/06 |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (*See remarks below*)

Name and title of individual served (*if not shown above*): John Nove

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (*complete only if different than shown above*): 6th & D (PHB Bldg Hooding)

Date of Service: 7/5/06 | Time: 1051 am pm

Signature of U.S. Marshal or Deputy: [signature] 3680

| Service Fee | Total Mileage Charges (*including endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 45 | | | | | | |

REMARKS:

PRIOR EDITIONS MAY BE USED

**1. CLERK OF THE COURT**

FORM USM-285 (Rev. 12/15/80)

U.S. Department of Justice
United States Marshals Service

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL**

United States District Court
for the
District of [redacted]

TO: [redacted]

Civil Action, File Number [redacted] RWR

[redacted]
v.
[redacted]

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Larry Barnes, Postmaster

COMPLETE THIS SECTION ON DELIVERY

A. Signature X Linda Davis ☐ Agent ☒ Addressee
B. Received by (Printed Name) LINDA DAVIS C. Date of Delivery 7-12-06
D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No

3. Service Type ☒ Certified Mail ☐ Express Mail ☐ Registered ☐ Return Receipt for Merchandise ☐ Insured Mail ☐ C.O.D.
4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7004 2510 0003 7140 4422

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

...d pursuant to the Federal Rules of Civil Procedure.

... part of this form below, AND RETURN COPIES 1 AND 2 to the sender within ...ose. Keep copy 3 for your records.

...OWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, ...her entity, you must indicate under your signature your relationship to that entity. If ...thorized to receive process, you must indicate under your signature your authority.

...2 of this form to the sender within ___ days, you (or the party on whose behalf you ...curred in serving a summons and complaint in any other manner permitted by law.

...this form, you (or the party on whose behalf you are being served) must answer the ...were sent. If you fail to do so, judgment by default will be taken against you for the

...tice and Acknowledgment of Receipt of Summons and Complaint By Mail was

RECEIVED JUL 21 2006 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

Signature (*USMS Official*)

...OF RECEIPT OF SUMMONS AND COMPLAINT

...ed a copy of the summons and of the complaint in the above captioned manner at

Street Number and Street Name or P.O. Box No.

City, State and Zip Code

RECEIVED JUL 21 2006

Signature

Relationship to Entity/Authority to Receive

NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

Service of Process

Date of Signature

Form USM-299 (Rev. 6/05)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICKY JACKO,<br>Plaintiff,<br>v.<br>LARRY BARNES, POSTMASTER<br>Defendant. | Case No: 06-1189 (RWR) |

DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(3), 12(b)(6) or 56(b) of the Federal Rules of Civil Procedure, Defendant, through counsel, respectfully moves this Court to dismiss Plaintiff's complaint or in the alternative, to grant summary judgment. Defendant also requests that the Court dismiss the case for lack of venue or, in the alternative, to transfer the case to the proper jurisdiction. In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

August 31, 2006

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

/s/
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICKY JACKO )
)
Plaintiff, )
v. ) Case No: 06-1189 (RWR)
)
LARRY BARNES, POSTMASTER )
)
Defendant. )
)

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The Defendant, Larry Barnes, Postmaster of the United States Postal Service ("Defendant" or "USPS") et al., through counsel, hereby moves this Court to dismiss the instant complaint, or in the alternative, to grant summary judgment in favor of the Defendant. Defendant also moves the Court to dismiss the case for lack of venue or, in the alternative, to transfer the case to a proper jurisdiction. At issue in this case is whether the Defendant: a) discriminated against the *pro se* Plaintiff by denying his reinstatement due to his alleged disability; b) retaliated against him for his protected EEO activity; and c) breached their Settlement Agreement. Plaintiff seeks reinstatement to any of three locations, San Mateo, California, South Carolina or Eagan, Minnesota. Compl. at 2, 5. Because the alleged discriminatory actions occurred in California and any records pertaining to the allegations are located in California, venue in the District of Columbia is improper.

## INTRODUCTION

Pro se Plaintiff provides no explicit legal basis for his "employment discrimination" complaint. Complaint Caption. However, Plaintiff has exhausted his administrative remedies for the issues in his underlying Equal Employment Opportunity ("EEO") complaint. See EEO Decision attached to the Complaint. Therefore, Defendant respectfully addresses those exhausted issues with the belief that Plaintiff most likely seeks to address them in this complaint. In his June 23, 2004 EEO complaint, Plaintiff alleged that he was discriminated against on the basis of his hearing loss and Post Traumatic Stress Disorder ("PTSD") and in reprisal for protected activity when Defendant on April 16, 2004 denied his request for reinstatement in alleged violation of the November 1990 Merit System Protection Board ("MSPB") settlement agreement. Id. at 1.

## BACKGROUND

Plaintiff was assigned to the Pleasanton California Post Office District 94566 as a postal carrier in 1985 to1987, when he resigned in accordance with a November 1990 settlement agreement reached during an appeal before the MSPB. Compl. at 2; Settlement Order attached to the Complaint. At the time of Plaintiff's resignation, he was facing removal for soliciting money from customers. Plaintiff admits that he "borrowed some money from [his] customers" after he had been suspended from his job in the 1980s at Pleasanton California. Compl. at 2. The USPS Notification of Personnel Action, dated 8/13/87 and attached to the Complaint, states "[r]esignation charges pending to separate employee for unacceptable conduct." In the MSPB case, Plaintiff appealed the Defendant's decision to remove him.

The terms of the settlement agreement, as memorialized by the Settlement Order attached

to the Complaint, were as follows: a) the Postal Service agreed to accept and consider Plaintiff's application and process it in accordance with § 873 of the Employment and Labor Relations Manual ("ELM") and provision of Handbook EL-311; b) the Postal Service agreed to provide Plaintiff with a copy of the cited provisions; c) the Plaintiff agreed to withdraw his petition before the MSPB; and d) the agreement resolved the matters raised by the Plaintiff in his complaint. Settlement Order attached to the Complaint.

On April 16, 2004, the Defendant denied Plaintiff's request for reinstatement at the Big Valley, California postal facility. EEO Decision at 1. Defendant denied such reinstatement based upon Plaintiff's unemployment history for the past two years and his employment record with the Pleasanton Post Office as contained in his Personnel File. See Id. at 2. On June 23, 2004, Plaintiff filed a complaint with the EEOC.

**ARGUMENT**

I. Legal Standard for Deciding 12(b)(3) Motions

Federal Rule of Civil Procedure 12(b)(3) states that the court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiffs chosen forum. Fed. R. Civ. P.12(b)(3). In considering a Rule 12(b)(3) motion, the court accepts the plaintiffs well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiffs favor, and resolves any factual conflicts in the plaintiffs favor. Darby v. U.S. Dept. of Energy, 231 F. Supp.2d 274, 277 (D.D.C. 2002); 2215 Fifth St. Assocs. v. Uhaul Int'l, Inc., 148 F. Supp.2d 50, 54 (D.D.C. 2001). The court, however, need not accept the plaintiffs legal conclusions as true. 2215 Fifth St. Assocs., 148 F. Supp.2d at 54. To prevail on

a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. Id.

II. Legal Standard for Venue in Rehabilitation Act Cases

The remedial and procedural provisions of Title VII are incorporated in the Rehabilitation Act. 29 U.S.C.§ 794 (a). Venue for claims under the Rehabilitation Act is therefore governed by 42 U.S.C. 2000e-5(f)(3). Robinson v. Potter, No. Civ. A 04-0890, 2005 WL 1151429, *2 (D.D.C. May 16, 2005); Archuleta v. Sullivan, 725 F. Supp. 602, 603-04 (D.D.C. 1989); Scolion v. Thomas, 603 F. Supp. 66, 67 (D.D.C. 1984); see also Benton v. England, 222 F. Supp.2d 728, 731 (D.Md. 2002); Lengacher v. Reno, 75 F. Supp.2d 515, 517 (E.D.Va. 1999). Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring a Title VII action in any one of four judicial districts. The statute provides that:

> [s]uch an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). This statutory scheme indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination. Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100 (D.C. Cir. 1969) ("Stebbins I").

If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper. 42 U.S.C. § 2000e-5(f)(3). Washington v. Gen. Elec. Corp., 686 F. Supp. 361, 363 (D.D.C. 1988). When a plaintiff files an

action in the wrong district, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a).

Courts can determine venue by applying a "commonsense appraisal" of events having operative significance. Robinson, 2005 WL 1151429 at *3 *quoting* Lamont v. Haig, 590 F.2d 1124, 1134 (D.C. Cir. 1978); see also Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983). Specifically, venue cannot lie in the District of Columbia when "a substantial part, if not all, of the employment practices challenged in this action" took place outside the District even when actions taken in the District "may have had an impact on the plaintiff's situation." Donnell, 568 F. Supp. at 94.

III. Venue in the District of Columbia is Improper

In order for the Plaintiff to establish venue, the plaintiff must allege one of the following for proper venue: (1) the unlawful employment practice occurred in the District of Columbia; (2) the employment records relevant to the unlawful employment practice are maintained in the District of Columbia; or (3) the plaintiff would have worked in the District of Columbia but for the unlawful employment practice. 42 U.S.C. 2000e-5(f)(3); Robinson, 2005 WL 1151429 at *4 (D.D.C. May 16, 2005). However, Plaintiff alleges none of the above. In fact, in regards to prong one, any alleged unlawful conduct would have had to occur in California, either where Plaintiff worked or applied for reinstatement. Compl. at 2 and Decision of EEOC Commission (attached to the Complaint) at 1. As for prong two, because the alleged discrimination occurred in California, it follows that any records regarding the alleged unlawful employment practices would be in California. Finally, for prong three, but for the alleged unlawful employment practices, Plaintiff would have worked in California. Therefore, the Court should determine that

venue in the District of Columbia is improper and dismiss the case. In the alternative, the Court could transfer the case to the United States District Court of the Northern District of California, which is the jurisdiction for 1) Pleasanton, California, where Plaintiff worked previously for the Defendant and 2) Big Valley, California, where Plaintiff applied for reinstatement. See Compl. at 2 and Decision of EEOC Commission (attached to the Complaint) at 1.

IV. Legal Standard for Deciding 12(b)(6) Motions

In resolving a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court will treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. Sullivan-Obst v. Powell, Secretary, Department of State, 300 F. Supp. 2d 85, 91 (D.D.C. 2004). Therefore, the complaint will be dismissed if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id. Finally, while "many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." Id.

V. Legal Standard for Deciding 56 Motions

In the alternative, summary judgment pursuant to Fed. R. Civ. P. 56 is proper when the pleadings, depositions, answers to interrogatories, and admissions together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the court must consider whether the nonmoving party failed to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Sullivan-Obst, 300 F. Supp. 2d at 90. The nonmoving party must present specific facts that would enable a reasonable jury to find in its

favor; thus, by pointing to an absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. Id. Also, while the court must accept the nonmoving party's evidence as true, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. Id. Therefore, an employer can obtain summary judgment in one of two ways: It can demonstrate that the plaintiff's evidence fails to establish a prima facie case or it can present a legitimate, nondiscriminatory reason about which the plaintiff does not create a valid factual dispute. Mitchell v. Data Gen. Corporation, 12 F.3d 1310, 1316 (4th Cir. 1993).

VI. McDonnell-Douglas: Allocation of Burdens of Production and Persuasion

The burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 803-805 (1973), governs the analysis of Plaintiff's discrimination and retaliation claims. Cones v. Shalala, 199 F.3d 512, 516 (D.C. Cir. 2000); see also Duncan v. Washington Metropolitan Area Transit Authority, 240 F.3d 1110, 1114 (D.C. Cir. 2001) (employing McDonnell-Douglas test for ADA claim). Under this test, the plaintiff has the initial burden of proving by a preponderance of the evidence a "*prima facie*" case of discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). If the plaintiff is able to establish a *prima facie* case, the burden shifts to the defendant to produce credible evidence that its actions were taken for a legitimate, nondiscriminatory reason. Id. If the defendant meets this burden of production, the burden shifts back to the plaintiff to present evidence that the stated reason was pretextual. Id. To do so, the plaintiff must show "both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993); see also Fischbach, supra, 86 F.3d at 1183 ("It is not enough for the plaintiff to show that

the reason given for a job action is not just, fair, or sensible. He must show that the explanation given is a phony reason.") (internal quotation omitted). At all times, the plaintiff retains the ultimate burden of persuasion to demonstrate that he was in fact the victim of intentional discrimination. Burdine, supra, 450 U.S. at 252-53.

VII. Plaintiff Does Not State a Claim for Disability Discrimination

The Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 et seq., prohibits discrimination against qualified handicapped employees and job applicants. In order to make out a *prima facie* case of disability discrimination, a Rehabilitation Act plaintiff must show that he: (1) had a disability within the meaning of the Act; (2) was "qualified" for the position with or without a reasonable accommodation; and (3) suffered an adverse employment action because of his disability. Duncan, supra, 240 F.3d at 1114. In a non-selection case a plaintiff must show that he was rejected for the position under circumstances giving rise to an inference of discrimination. See Stella v. Mineta, 284 F.3d 135, 144-45 (D.C. Cir. 2002) (citing McDonnell Douglas, 411 U.S. at 802); Harding v. Gray, 9 F.3d 150, 152 (D.C. Cir. 1993). Plaintiff cannot make out a *prima facie* case, because he has not alleged a disability within the meaning of the Act.

1. Plaintiff Is Not "An Individual With A Disability"

In pertinent part, the Rehabilitation Act defines an "individual with a disability" as a person who has "a physical or mental impairment which substantially limits one or more of such person's major life activities." 29 U.S.C. § 705(20)(B). As explained by the U.S. Supreme Court in Bragdon v. Abbott, ascertaining whether an individual meets this definition requires a three-step analysis. 118 S. Ct. 2196, 2202 (1998). First, the court must determine whether the

individual's condition constituted a physical or mental impairment. Id. Second, the court must "identify the life activity on which [the plaintiff] relies" and determine whether it constitutes a major life activity. Id. And third, the court must determine whether the physical or mental impairment "substantially limited" the major life activity in question. Id. As the Court emphasized in the recent case of Toyota v. Williams, "merely having an impairment does not make [an individual] disabled." 122 S.Ct. 681, 690 (2002). Instead, a plaintiff must "prove a disability by offering evidence that the extent of the limitation [caused by the impairment] in terms of their own experience is substantial.'" Id. at 691-692. To qualify as "substantial," "the impairment's impact must also be permanent or long-term." Id. at 691; compare Paegle v. Dep't of the Interior, 813 F. Supp. 61, 64 (D.D.C. 1993), aff'd, 24 F.3d 1464 (D.C. Cir. 1994) ("The [Rehabilitation] Act identifies a handicap as a severe disability of a permanent nature"). In sum, the terms of the disability definition must be "interpreted strictly to create *a demanding standard for qualifying as disabled*." Toyota, supra, 122 S.Ct. at 691 (emphasis added). Here, Plaintiff merely states in the Complaint that he has Post Traumatic Stress Disorder ("PTSD")[1], he does not allege a substantial limitation on any major life activity. Therefore, Plaintiff has not alleged the standard for a qualified disabled person.

VIII. Defendant had legitimate, nondiscriminatory reasons for not reinstating Plaintiff

Even assuming, *arguendo*, that Plaintiff could make out a *prima facie* case of disparate-treatment discrimination, Defendant had legitimate, nondiscriminatory reasons for not reinstating him at the Big Valley, California postal facility. Defendant denied reinstatement for Plaintiff

[1] Plaintiff does not mention a hearing loss in the Complaint as he did in his EEO complaint. See Compl. and EEO Decision.

based on 1) his unemployment for the past two years and 2) his employment history at the Pleasanton Post Office, from April 1985 to August 1987, as contained in his Official Personnel File. See EEOC Decision at 1-2, attached to the Complaint. Plaintiff cannot show that any non-disabled employee with a similar history of unemployment and negative work conduct was treated more favorably than he. Thus, Plaintiff clearly cannot show that Defendant's reasons for terminating him were pretextual.

IX. Plaintiff's Retaliation Claim Must Fail

To establish a case of retaliation, a plaintiff must demonstrate that a reasonable employee would have found the challenged action materially adverse. Burlington Northern and Santa Fe Ry. Co. v. White,126 S.Ct. 2405, 2415 (2006). Here, the protected activity was the EEO claim that Plaintiff filed after he was denied reinstatement. EEOC Decision at 2. Because the denial of reinstatement occurred before the alleged protected activity, there exists no casual connecting between the two. Therefore, Plaintiff has failed to establish a prima facie case of retaliation.

X. Court Should Grant Summary Judgment on Breach of Settlement Claim

Plaintiff alleges a breach of the 1990 settlement agreement negotiated by Plaintiff and the agency representative. Compl. at 3. On November 9, 1990, an Administrative Law Judge issued an Order memorializing the terms of the settlement which resolved a complaint filed by Plaintiff with the Merit System Protection Board. The Settlement Order is attached to the Complaint. Because the settlement agreement is fully integrated, made in good faith, relied on by Defendant and represents the entire agreement between the parties, Plaintiff is not entitled to the remedies he seeks. Specifically, Plaintiff is not entitled to a revision in his "SF 50". Compl. at 5. Plaintiff claims that the Settlement Order "included the correction of [his] SF 50" which Plaintiff notes

has an entree stating "Resignation charges Pending To Separate Employee for Unacceptable Conduct." Compl. at 3, 5; USPS Notification of Personnel Action attached to the Complaint. However, the Settlement Order contains no such agreement for a "correction" or modification. Settlement Order attached to the Complaint.

The District Court in the District of Columbia views a settlement agreement as a contract. Johnson v. Reno, 1996 U.S. Dist. LEXIS 5347 at 21 (D.D.C. 1996), *citing* Greco v. Department of the Army, 852 F.2d 558, 560 (Fed. Cir. 1988). In order to determine if there has been a breach of a settlement agreement, the court applies principles of contract law to determine the intent of the parties. Where a plaintiff's claim turns on the construction of the settlement agreement, i.e., a contract – and the agreement is unambiguous and "admits of only one reasonable interpretation," the District Court may decide the matter on summary judgment. Saksenasingh v. Secretary of Education, 123 F.3d 347, 349 (D. C. Cir. 1997).

If a settlement agreement is a complete integration of the parties' understanding and there is no ambiguity in the meaning of its terms, the court must find that the parties are bound by the express terms of the agreement and may not introduce extrinsic evidence to contradict or modify its express terms. See Johnson v. Reno, supra, 1996 U.S. Dist. LEXIS 5347 at 21 (citing United States v. Sears, Roebuck and Co., 623 F. Supp. 7, 9 (D.D.C 1984), aff'd, 778 F.2d 810 (D.C. Cir 1985)); see also Federal Deposit Insurance Corporation v. Hadid, 947 F.2d 1153, 1156 (4th Cir. 1991) (quoting Williston, A Treatise on the Law of Contracts § 632A, at 985 (3d ed. 1961)) ("when a writing is complete on its face and is certain and definite as to the objects of the agreement, the writing is 'conclusively presumed' to be the entire contract between the parties, which cannot be contradicted or modified by parol or extrinsic evidence."); Bowden v. United

States, supra, 106 F.3d 433, 439-440 ("the ultimate determination of integration is a question of fact to be determined in accordance with all relevant evidence."). If a court finds that an agreement is only partially integrated, it may consider extrinsic evidence to explain an ambiguous term so long as the extrinsic evidence is consistent with the terms of the agreement and does not alter or modify the terms. Piedmont Resolution v. Johnston, 999 F. Supp. 34, 51 (D.D.C. 1998).

In Johnson, the District Court for the District of Columbia articulated the factors a court must consider in determining whether a contract is fully integrated. The first inquiry is whether the contract is a comprehensive document covering a broad variety of subjects. The second consideration is whether the agreement was reached with the assistance of experienced counsel and whether the negotiations were long and complicated. Finally, and most importantly, the court asks whether the agreement contains an integration clause that states that the agreement "constitutes the entire agreement between and among the parties with respect to the subject matter hereof and supersedes all prior agreements, written and oral, with respect thereto." Johnson v. Reno, supra, 1996 U.S. LEXIS 5347 at 21.

"In the face of a fully integrated agreement, the parole evidence rule generally precludes the consideration of extrinsic evidence." Id. An exception to this rule may exist if there is ambiguity in the language of the agreement. NRM Corp. v Hercules, Inc. 758 F.2d 676, 681 (D.C. Cir 1985). However, as stated earlier, extrinsic evidence may not alter the terms of the contract. A contract does not become ambiguous merely because the parties disagree on its interpretation. Id. It is ambiguous if it is reasonably susceptible of different constructions or interpretations. Lee v. Flintkote Co., 593 F.2d 1275, 1282 (D.C. Cir. 1979).

*a.* *Settlement Agreement Is A Fully Integrated Contract*

Using the factors elucidated by the court in Johnson v. Reno, the instant Settlement Agreement is a fully integrated contract. First, the agreement is a comprehensive document that covers a broad variety of subjects. The Settlement Order states that: a) the Postal Service agreed to accept and consider Plaintiff's application and process it in accordance with § 873 of the Employment and Labor Relations Manual ("ELM") and provision of Handbook EL-311; b) the Postal Service agreed to provide Plaintiff with a copy of the cited provisions; c) the Plaintiff agreed to withdraw his petition before the MSPB; and d) the agreement resolved the matters raised by the Plaintiff in his complaint. Settlement Order attached to Complaint. Second, the Settlement Order indicates that the agreement was made during a status conference and thus included the involvement of the supervisory Administrative Judge. Finally, the Settlement Order contains an integration clause in paragraph 2, which states the "[plaintiff] and the agency representative agree that the following is a complete statement of all the terms of their settlement agreement, reached freely and in good faith, in consideration of the mutual promises made below." Settlement Order attached to Complaint.

Accordingly, the Defendant submits that the Settlement Agreement is a fully integrated contract and that this Court should not look at parole evidence or extrinsic circumstances to determine the meaning of the agreement. Further, no exception to this rule is appropriate in the instant case because the language of the agreement is unambiguous. Accordingly, since the language of the integrated agreement is unambiguous regarding Settlement Order being "a complete statement of all the terms of their settlement agreement" the Court should not consider any extrinsic evidence. Settlement Order attached to the Complaint.

The Settlement Order does not memorialize an alleged agreement for modification to Plaintiff's SF 50. Plaintiff's claim that Defendant breached the settlement agreement because Defendant did not "correct" his SF 50 therefore fails. Thus, the Court should grant summary judgment in favor of the Defendant.

**CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that Plaintiff's complaint be dismissed with prejudice or in the alternative, summary judgment be granted in Defendant's favor. Defendant also requests that the Court dismiss the case for lack of venue or, in the alternative, transfer the case to the proper jurisdiction, the United States District Court for the Northern District of California.

August 31, 2006 Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

/s/
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment has been served on this 31st day of August, 2006 on Pro Se Plaintiff, Ricky Jacko, via postage prepaid mail addressed as follows:

Ricky Jacko
160 Sinclair Street
Apt. #257
Reno, NV 89501

/S/

ANDREA McBARNETTE, D.C. Bar #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153