UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICKY JACKO,    )
    )
    Plaintiff,    )
    )
    v.    )    Civil Action No. 06-1189 (RWR)
    )
LARRY BARNES,    )
    )
    )
    Defendant.    )
    )

ORDER

Pending before the Court is defendant's motion to dismiss or for summary judgment.

Because defendant's motion could potentially dispose of this case, the Court will advise the

*pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of

this Court. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988); *Neal v. Kelly*, 963 F.2d

453, 456 (D.C. Cir. 1992).

The plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within ... such ... time as the court may direct, an opposing party shall
> serve and file a memorandum of points and authorities in opposition to the
> motion. If such a memorandum is not filed within the prescribed time,
> the court may treat the motion as conceded.

Local Civil Rule 7(b).

The plaintiff's attention is also directed to Rule 56 of the Federal Rules of Civil

Procedure regarding summary judgment, which states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file, together
> with the affidavits, if any, show that there is no genuine issue as to any
> material fact and that the moving party is entitled to a judgment as a
> matter of law.

Fed. R. Civ. P. 56(c).

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which

provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . .  In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in

affidavits or attachments submitted by the defendants in support of a motion for summary

judgment unless the plaintiff submits his own affidavits or documentary evidence showing that

the defendants' assertions are untrue.  *See Neal v. Kelly*, 963 F.2d at 456.

2

Additionally, the plaintiff is directed to Rule 6(e) of the Federal Rules of Civil

Procedure which provides:

> Whenever a party has the right to do some act or take some
> proceedings within a prescribed period after the service of a notice or
> other paper upon the party and the notice or paper is served upon the
> party by mail, 3 days shall be added to the prescribed period.

Fed. R. Civ. P. 6(e).

The Court may treat as conceded any motion not opposed within the time limits

outlined in this Order. Alternatively, the Court may consider on the merits any motion not

opposed within the time limits outlined in this Order. Thus, failure to respond to the

defendant's motion in this case carries with it the risk that this case will be dismissed or that

judgment will be entered for the defendant. It is hereby

ORDERED that plaintiff shall file his response to defendant's motion to dismiss or for

summary judgment no later than **October 13, 2006**. If plaintiff does not respond by that date,

the Court will treat the motion as conceded and, if the circumstances warrant, may dismiss the

case.

_____/s/_____
RICHARD W. ROBERTS
DATE: September 7, 2006                     United States District Judge

3

Case 1:06-cv-01189-RWR Document 6 / Response Filed 10/12/2006    Page 1 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

OCT 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| RICKY JACKO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LARRY BARNES, | ) Civil Action No: 06-1189 (RWR) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## RESPONSE

I, Ricky Jacko; Service Connected Disabled Post Vietnam Veteran of the United States Navy and California Army National Guard, Social Security Recipient for PTSD (Post Traumatic Stress Disorder/ Anxiety Disorder; Diagnosed 2002 respectfully request that the district court accept this response and previous 15 page alpha davit submitted on 9-8-2004 when the case was re-opened.

I am aware of Larry Barnes is trying to file a motion to dismiss the case pertaining to him stating to me that I had to be employed for 2 years when I first filed a reinstatement letter to him around 1990 when I was first granted the order from the United States Merit Systems Protection Board; San Francisco, California pertaining the the codes EL-311 and article 873. At the time, I was so devastated even when I was given the order by the Merit Systems Protection Board, not even knowing I had PTSD, I simply took his word for it, left his office in Richmond, California and did not even bother to re open this case and try for reinstatement until I arrived in Las Vegas, Nevada in 1997.

Even though the Las Vegas Post Office and EEO there did not totally adhere to the codes 311 and article 873, they at least allowed me to take the U.S. Postal In-Service Exam for which I passed the exam for almost every position available including Mail Carrier. They at least had the decency to place me on the reinstatement list although they was to follow the two codes for when it was discovered by my former representative Richard O. Gaytan that the codes strictly referred to the EAP ( Employment Assistance Program).



WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

Case 1:06-cv-01189-RWR Document 6 / Response Filed 10/12/06   Page 2 of 2

The response that Larry Barnes and other officials are stating to you referring to
Me working for two years before even being allowed to apply for reinstatement not to
mention him also stating words about me being terminated for Unacceptable Conduct, all
of this should have been squashed when I had the hearing in 1990 with the Merit Systems
Protection Board.

I am also angry because there is a cover up somewhere within the ranks of the U.S. Post
office Bay Valley District because when me and my former Representative Richard O.
Gaytan appeared at the 2nd hearing at the U.S. Post Office located at 1675 7th Street
Oakland, California discovered that my 1982 Postal records were in my OPF but however
the 1985 to 1987 files were totally missing out of the OPF. I was hired by the same
Postmaster Jose Cantu during these periods. This alone immediately raised suspicion
concerning a cover up.

In conclusion to this story, I again request the district court to really read the documents
and the 15 page alpha davit I am submitting with this response. Whatever Larry Barnes or
anyone else is trying to do to dismiss this case on their behalf, I am requesting again that
their motion to dismiss this case be reversed and kept open and investigated until an
agreeable solution can be sought.

Thank you for accepting my response.

Sincerely



Ricky Jacko
Plaintiff

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

Case 1:06-cv-01189-RWR Document 6 / Motion for extension Filed  10/12/2006    Page 1 of 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICKY JACKO,                                    )
                                               )
                    Plaintiff,                 )
                        v.                     )
                                               )
LARRY BARNES,                                  ) Civil Action No: 06-1189 (RWR)
                                               )
                                               )
                    Defendant.                 )
                                               )

### MOTION TO ACCEPT THE POSTMARKED RESPONSE

I, Ricky Jacko; Service Connected Disabled Post Vietnam Veteran of the United States Navy and California Army National Guard, Social Security Recipient for PTSD (Post Traumatic Stress Disorder/ Anxiety Disorder; Diagnosed 2002 respectfully request that the district court accept this motion to extend and accept the enclosed response letter dated 10/12/06.

Reason for the request is that it was extremely hard for me to type this response due to not only hardship but also it was emotionally draining for me to type the response. If the courts can accept this motion request for extension at least one week after the 10/13/2006 final  date , I would be grateful.

Sincerely

*Ricky Jacko*

Ricky Jacko
Plaintiff



WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

I worked very hard to pass these inservice exams with the USPO back in 1998 back in Las Vegas NV.

I was not supposed to even go through the hassle to take this 4½ hour exam.

I had already had the MSPB order to be reinstated in 1990. Due to the codes EL911 and Article 873 (EAP) program for which I was not informed about by the USPO.

Seeking Justice. Either Reinstatement or Disability Retirement.

---

WILLIAM E. WARD
Please Plural - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

**RECORD CARD**

0049652   2003

| NAME JACKO PICKY | POSITION TITLE CARRIER | (470) | FINAL RATING 70.2 |
|---|---|---|---|

| POST OFFICE OR INSTALLATION LAS VEGAS NV 89199-9999 | AREA OFFICES SELECTED 01 96 13 | TIE BREAKERS |
|---|---|---|

| PART FAILED | | | | TYPE OF EXAMINATION | | BASIC RATING | VETERAN POINTS |
|---|---|---|---|---|---|---|---|
| WRITTEN | EXPERIENCE | TYPING | DICTATION | ENTRANCE | IN SERVICE | | |
| | | | | | X | 70.2 | |

SPECIAL NOTES

ADDRESS (No., Street, City, State and ZIP Code)
1501 NORTH LAS VEGAS BLVD
LAS VEGAS   NV   89101

| SOCIAL SECURITY NO 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 | DATE OF BIRTH 11-59 | DATE OF EXAMINATION 04/07/98 | INSTALLATION NO 31-4990 | DATE NTAC MAILED 04/24/98 | DATE NAME ENTERED ON REGISTER |
|---|---|---|---|---|---|

PS Form 5912-A   June 1979
*ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED.   (ALPHABETICAL COPY)

---

**RECORD CARD**

0049652   2003

| NAME JACKO PICKY | POSITION TITLE CLERK | (470) | FINAL RATING 70.2 |
|---|---|---|---|

| POST OFFICE OR INSTALLATION LAS VEGAS NV 89199-9999 | AREA OFFICES SELECTED 01 96 13 | TIE BREAKERS |
|---|---|---|

| PART FAILED | | | | TYPE OF EXAMINATION | | BASIC RATING | VETERAN POINTS |
|---|---|---|---|---|---|---|---|
| WRITTEN | EXPERIENCE | TYPING | DICTATION | ENTRANCE | IN SERVICE | | |
| | | | | | X | 70.2 | |

SPECIAL NOTES

ADDRESS (No., Street, City, State and ZIP Code)
1501 NORTH LAS VEGAS BLVD
LAS VEGAS   NV   89101

| SOCIAL SECURITY NO 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 | DATE OF BIRTH 11-59 | DATE OF EXAMINATION 04/07/98 | INSTALLATION NO 31-4990 | DATE NTAC MAILED 04/24/98 | DATE NAME ENTERED ON REGISTER |
|---|---|---|---|---|---|

PS Form 5912-A   June 1979
*ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED.   (ALPHABETICAL COPY)

---

**RECORD CARD**

0049652   2003

| NAME JACKO PICKY | POSITION TITLE FLAT SORTER MACHINE | (470) | FINAL RATING 70.2 |
|---|---|---|---|

| POST OFFICE OR INSTALLATION LAS VEGAS NV 89199-9999 | AREA OFFICES SELECTED 01 96 13 | TIE BREAKERS |
|---|---|---|

| PART FAILED | | | | TYPE OF EXAMINATION | | BASIC RATING | VETERAN POINTS |
|---|---|---|---|---|---|---|---|
| WRITTEN | EXPERIENCE | TYPING | DICTATION | ENTRANCE | IN SERVICE | | |
| | | | | | X | 70.2 | |

SPECIAL NOTES

ADDRESS (No., Street, City, State and ZIP Code)
1501 NORTH LAS VEGAS BLVD
LAS VEGAS   NV   89101

| SOCIAL SECURITY NO 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 | DATE OF BIRTH 11-59 | DATE OF EXAMINATION 04/07/98 | INSTALLATION NO 31-4990 | DATE NTAC MAILED 04/24/98 | DATE NAME ENTERED ON REGISTER |
|---|---|---|---|---|---|

PS Form

RECORD CARD

| NAME JACKO RICKY | POSITION TITLE DISTRIBUTION CLERK MACH. (470) | | FINAL RATING 70.2 |
|---|---|---|---|
| POST OFFICE OR INSTALLATION LAS VEGAS NV 89109-9998 | AREA OFFICES SELECTED 01 06 13 | | TIE BREAKERS |

| PART FAILED | | | | TYPE OF EXAMINATION | | BASIC RATING | VETERAN POINTS * |
|---|---|---|---|---|---|---|---|
| WRITTEN | EXPERIENCE | TYPING | DICTATION | ENTRANCE | IN SERVICE Y | 70.2 | |

SPECIAL NOTES

| ADDRESS (No., Street, City, State and ZIP Code) 1501 NORTH LAS VEGAS BLVD LAS VEGAS NV 89101 | | | | |
|---|---|---|---|---|
| SOCIAL SECURITY NO 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 | DATE OF BIRTH 11-59 | DATE OF EXAMINATION 04/07/98 | INSTALLATION NO 31-4980 | DATE NTAC MAILED 04/24/98 | DATE NAME ENTERED ON REGISTER |

PS Form June 1979  5912-A    * ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED.    (ALPHABETICAL COPY

---

00426521    0003    RECORD CARD

| NAME JACKO RICKY | POSITION TITLE MARK-UP CLERK (470) | | FINAL RATING INELIGIBLE |
|---|---|---|---|
| POST OFFICE OR INSTALLATION LAS VEGAS NV 89109-9998 | AREA OFFICES SELECTED 01 06 13 | | TIE BREAKERS |

| PART FAILED | | | | TYPE OF EXAMINATION | | BASIC RATING | VETERAN POINTS * |
|---|---|---|---|---|---|---|---|
| WRITTEN | EXPERIENCE | TYPING | DICTATION | ENTRANCE | IN SERVICE Y | | N/A |

SPECIAL NOTES

| ADDRESS (No., Street, City, State and ZIP Code) 1501 NORTH LAS VEGAS BLVD LAS VEGAS NV 89101 | | | | |
|---|---|---|---|---|
| SOCIAL SECURITY NO 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 | DATE OF BIRTH 11-59 | DATE OF EXAMINATION 04/07/98 | INSTALLATION NO 31-4980 | DATE NTAC MAILED 04/24/98 | DATE NAME ENTERED ON REGISTER |

PS Form June 1979  5912-A    * ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED.    (ALPHABETICAL COPY)

---

00426521    0003    RECORD CARD

| NAME JACKO RICKY | POSITION TITLE MAIL HANDLER (470) | | FINAL RATING INELIGIBLE |
|---|---|---|---|
| POST OFFICE OR INSTALLATION LAS VEGAS NV 89109-9998 | AREA OFFICES SELECTED 01 06 13 | | TIE BREAKERS |

| PART FAILED | | | | TYPE OF EXAMINATION | | BASIC RATING | VETERAN POINTS * |
|---|---|---|---|---|---|---|---|
| WRITTEN | EXPERIENCE | TYPING | DICTATION | ENTRANCE | IN SERVICE Y | | N/A |

SPECIAL NOTES

| ADDRESS (No., Street, City, State and ZIP Code) 1501 NORTH LAS VEGAS BLVD LAS VEGAS NV 89101 | | | | |
|---|---|---|---|---|
| SOCIAL SECURITY NO 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 | DATE OF BIRTH 11-59 | DATE OF EXAMINATION 04/07/98 | INSTALLATION NO 31-4980 | DATE NTAC MAILED 04/24/98 | DATE NAME ENTERED ON REGISTER |

PS Form June 1979  5912-A    * ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED    (ALPHABETICAL COPY)

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107676-2 - Expires July 24, 2010

Ricky Jacko

00496521    0003                    **RECORD CARD**

| NAME JACKO RICKY | POSITION TITLE MAIL PROCESSOR (470) | FINAL RATING INELIGIBLE |
|---|---|---|
| POST OFFICE OR INSTALLATION LAS VEGAS    NV    89199-8998 | AREA OFFICES SELECTED    01    06    13 | TIE BREAKERS |

| PART FAILED | | | | TYPE OF EXAMINATION | | BASIC RATING | VETERAN POINTS * |
|---|---|---|---|---|---|---|---|
| WRITTEN | EXPERIENCE | TYPING | DICTATION | ENTRANCE | IN SERVICE | | |
| SPECIAL NOTES | | | | | X | | N/A |

ADDRESS (No., Street, City, State and ZIP Code)
1501 NORTH LAS VEGAS BLVD
LAS VEGAS    NV    89101

| SOCIAL SECURITY NO | DATE OF BIRTH | DATE OF EXAMINATION | INSTALLATION NO | DATE NTAC MAILED | DATE NAME ENTERED ON REGISTER |
|---|---|---|---|---|---|
| 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 | 11-59 | 04/27/08 | 21-4887 | 04/24/08 | |

PS Form 5912-A
June 1979

* ALL APPLICANTS IN A COMPETITIVE EXAMINATION MUST ATTAIN
A RATING OF 70 BEFORE VETERAN'S PREFERENCE IS ALLOWED

(ALPHABETICAL COPY)



WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

| Case No. |
|---|
| 4F-945-0136-04 |

**EEO INVESTIGATIVE AFFIDAVIT (COMPLAINANT)**

| | | |
|---|---|---|
| 1. Affiant's Name (First, Middle, Last) | | 2. Employing Postal Facility |
| Ricky Jacko | | Pleasanton, California |

| 3. Position Title | 4. Grade Level | 5. Postal Address and Zip + 4 | 6. Unit Assigned |
|---|---|---|---|
| Mail Carrier | PS-5 -C | 4300 Black Avenue | Mail Delivery Unit |

### Privacy Act Notice/USPS Standards of Conduct

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### Important Information Regarding Your Complaint

This PS Form 2568-A, EEO Investigative Affidavit (Complainant), and the other form mentioned below, are being provided for you to use to fully respond to the accompanying questions. Mail or deliver your completed statement to the EEO complaints investigator within 15 calendar days of the date you received the forms. Use PS Form 2569, EEO Investigative Affidavit (Continuation Sheet), as needed, to continue your written statement. Remember to number the top of each page and sign and date the bottom of each page of your statement. If you return your statement by mail, the return envelope must be postmarked on or before the 15th calendar day after the date that you received the affidavit forms.

Failure to complete your statement and return the forms within the allotted time period could result in your complaint being dismissed based upon your failure to proceed. EEOC complaints processing regulation. 29 C.F.R. 1614.107(a)(7), states, in part, [A complaint may be dismissed] "Where the agency has provided the complainant with the written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt, or the complainant's response does not address the agency's request, provided that the request included a notice of the proposed dismissal."

**7. Statement A** (Continue on Form 2569 if additional space is required)

Anwser to Question 1.

I, Ricky Jacko; honorable discharged military veteran of the United States Navy; From: 8-4-1976 to 8-3-1980 and the California/ Army National Guard; from: 8-31-1989 to 6-7-1994; currently

disabeled by the Veterans Admininstration for PTSD (Post Traumatic Stress Disorder/Anxiety Disorder,skin and hearing loss/ringing of the ears/Tintintius, and former letter carrier who was under the command of Jose Cantu (Poastmaster) during a 90 day probation period at the United States Post Office in Hayward in 1982 and then re-hired from my battery test scores in 1985 at the

United States Post Office by the same Poastmaster from 4-1985 to 8-13-1987 respectfully request immediate investigation and fair resoulution including all back pay, pain and suffering and other resolutions pertaining to the United States Post Office not adhearing to the Federal MSPB (Merit Systems Protection Board)

Order dated November 9, 1990 referring to being re-instated under articles 873 and EL 311 which at the time I was notinformed by the Post Office that the codes referred to the EAP Employee Assistence Program. I was kept in the dark and given

the run around for many years when the Post Office should have

**I declare under penalty of perjury that the foregoing is true and correct**

| Affiant's Signature | Date |
|---|---|
| Ricky Jacko  Ricky Jacko | 9-08-2004   10/11/06 |

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| **EEO Investigative Affidavit (Continuation Sheet)** | 2 | | 4F-945-0136-04 |

adheared to the 1990 MSPB Order.

As I stated in the first few aaragraphs before, prior EEO activity consisted of me and my EEO representative by the name of Rihard O. Gaytan attending two Re-dress meetings in the early part of 2004 at the United States Postal facility located at 1675 7th Street Oakland, California.,The Employment Managers who denied me the reinstatement and other resoulutions were by the names of Ms. Shirley Morris (Manager Personel Services), dated April 16,2004, and Mrs. Sandra Barton another United States Postal offical.

Current EEO activity is being addressed by Mrs. Joelle Davis who is an Independant EEO Representative representing the Veritas Northwest Region; Tualatin, Orgeon. Her direct telephone number: (503)885-1152.


Anwser to Question 2.

I am attempting to be erinstated to PS-5 Step C(Career Full Time Mail Carrier),Computer Mainframe Operator at any United States Postal Data Center in the Contential United States, or any well paying full time position that I qualified for from my United States Postal In-Service Battery exams ( 10% veterans) score qualified, I am also requesting in the resoulutios, that the Form 50 that Joyce Blakshure ruined my life with pertaining not being able to even be able to try another federal job with the false statements she put in the form 50 stating REsignation/ Charges Pending be immediately removed lile she should have done

---

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | | Date Signed |
|---|---|---|
| Ricky Jacks Ricky Jack    10/11/06 | | 9-08-2004 |

PS Form 2569 March 2001

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107676-2 - Expires July 24, 2010

| | | Filed 10/13/2006 | Page 6 of 26 |
|---|---|---|---|
| POSTAL SERVICE® 01189-RWR    Document 7-2 | Page No. | No. Pages | Case No. |
| **EEO Investigative Affidavit (Continuation Sheet)** | 3 | | 4F-945-0136-04 |

or better yet, she should have never placed the document

on top of my resignation in the first place for which the

Honorable Judge Phillip Aronodo discovered this by the dates

concerning each document. Thats why all of the false accusations

that JOyce Blackshure had me under should have deleted from my

OPF files and I should have been immediately reinstated under

Article 873 and El 311. This did not happen this way of course.

At the redress meeting all of my 1982 Postal files were there

when I was with the United States Postal Facility in Hayward,
California under the same Poastmaster, however the 1985 to 1987

OPF Postal files were totally missing. This includes all of the

so called charges Joyce Blackshure had me under not to mention.

the greviences I had filed on her on constant basis ever since

I was working under her command. Im sorry that the order of the

anwsers may be out of order however I am really angry over this

I gave so much to this country and did what was expected of me

and this is how I am paid back.

**I declare under penalty of perjury that the foregoing is true and correct.**

| Affiant's Signature | | Date Signed |
|---|---|---|
| Ricky Jacko     Rickyjack.    10/11/06 | | 9-08-2004 |

PS Form 2569, March 2001

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107578-2 - Expires July 24, 2010

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| UNITED STATES POSTAL SERVICE ® | 4 | | 4F-945-0136-04 |

**EEO Investigative Affidavit (Continuation Sheet)**

Anwser to Question 3.

The reason why I have the right to not only be re-instatd in

addition to back pay, compensatory damages referring to the

pain and suffering that I expirenced and sill expering is

that there was a Federal MSPB order dated November 9, 1990 by

the Honorable Judge Phillip Aronodo stating by the order that

I was to be given consideration for reinstatement under article

873 of the Employment Relatiops Mannual and under the provisions

of the Handbook EL-311. At the time of this order, the PostOffice

did not inform me concerning the reinstatement codes that this

this order was under. It took Richard O. Gaytan; my current

EEO representative located at the Oakland Federal Building

Oakland, California his dilligence and expertise to find out

on my behalf what the reinstatement codes were. The codes

reffered to the (EAP) Employee Assistence Program for which

the Post Office, especially Joyce Blackshure and the rest of

the Postal Management Officials involved did not want me to know

about.

As an honorable discharged veteran of the United States Navy and

The California Army National Guard, especially beinng currently

disabeled with PTSD, Partial Hearing Loss and Skin Conditions

with a current 10% Service Connected Disability Rating from

the Veterans Admininstration should have been reinstated and

gramted full rights and other remidies. All I got was 18 years

of total deception and the run arround from different Postoffices

---

**I declare under penalty of perjury that the foregoing is true and correct.**

| Affiant's Signature | | Date Signed |
|---|---|---|
| Ricky Jacks   Ricky Jack  10/11/06 | | 9-08-2004 |



WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

| Page No. | No. Pages | Case No. |
|----------|-----------|----------|
| 5 | | 4F-945-0136-04 |

**EEO Investigative Affidavit** *(Continuation Sheet)*

informing to me that I had to work somewhere for over a year

to prove myself before being reinstated. That is not what was

stated in the order by the Honorable Judge Phillip Aronado.

They even had the adacity concerning me retaking the the

United States Postal In-Service Battery Exam to the point that

had to walk in the hot Nevada sun and take buses to sit in a take

the 4 hour exam for which I passed the exam with my veteran

preference points for almost every position that they had.


I previously worked for the United States Post Office in

Pleasanton, California located at 4300 Black Avenue. My

position was Full-Time Career Lerrer Carrier PS-5 Step C

which included 6 weeks of annual leave per year and other

incenitives based on my honorable military service as a Post

Vietnam Veteran. I worked for the Post Office on two occassions

by the same Poastmaster Jose Cantu. In 1982 I worked only 89

days and Jose Cantu stated that I had to re-ttend college because

of poor performance. The fact was that they did not let me have

enough mail casing practice to learn how to properly case the m

mail. They only let me deliver the mail for 89 days before Jose

stated to me that I needed to re attend college before I was

allowed to be appointed again for which I attended the College

of Alameda/ Alameda, College from 1-1983 to 4-1985. The only

To my surprise around 3 -1984 I was called back to the United

States Office around 6 or 7 times by official letters for all

types of positions based on my Battery test scores.

**I declare under penalty of perjury that the foregoing is true and correct.**

Affiant's Signature

Ricky Jacks    Ricky Jacks    10/11/04    Date Signed  9-08-2004



PS Form 2589 March 200

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107876-2 - Expires July 24, 2010

| Page No. | No. Pages | Case No. |
|---|---|---|
| 6 | | 4F-945-0136-04 |
| 6 | | |

**EEO Investigative Affidavit (Continuation Sheet)**

I chose the opening in Pleasanton, California only to my surprise that Jose Cantu was the Poastmaster there. When I walked into his office he was surprised to see me and stated after he saw my resume and college transcripts that quote; " I am going to give you another chance."

The circumstances around my separation consisted of almost 3 years of constant harassments and write-ups by Joyce Blackshure I had to file grevinces constantly with Bruce Holt my former United States Postal Union Branch 1111 Repesentative. The final situations involved a roomate who was temporarily living with me by the name of Lenoard Hibbler who was stealing mail around Christmas of 1986. I did not know of thisand while the FBI and the Postal Inspectors were interrogating me and him, Joyce Blackshure had placed me under suspension  without pay until the investigation was completed which took a few weeks. After Lenoard confessed to the agents of his criminal activities, Joyce decided to suspend me witout pay for another 4 weeks  without pay out anger and malice.

Naturally I was finacially stricken to the point I had to move out of my nice apartmentinto a transient state of condition not to mention that I had to borrow some money from some of my postal delivery customers just to be able to eat and to survive until the Postal Union could straighten this out. Unfortunately, one of the customers from my route called the Post Office and when I was allowed to return back to work, Joyce had a certified

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| Ricky Jacks   Ricky/ack  10/11/06 | 9.08-2004 |



WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

| Page No. | No. Pages | Case No. |
|----------|-----------|----------|
| 7        |           | 4F-945-0138-04 |

**EEO Investigative Affidavit** *(Continuation Sheet)*

for me to sign. I had already cased my mail pertaining to my

route for almost 4 hours before being ready to go into the street

to deliver it. I thought the certified letter was for a

constituent for me to deliver. The letter was addressed to me

stating I was being terminated for borrowing the money along

with all of the other petty charges that were resolved through

all of the greviences I had previously filed with Bruce Holt

during my almost 3 years of hell with Joyce Blackshure.

Thats when I became totaly homomeless, full of anger and

rage, not to mention  not having any trust with the Government

whats so ever in addtion to my credit being ruined. also totaly

depressed and still not being informed that I even had PTSD

nor other illinesses until 2002.


I wasnot aware of any special procedures following reinstatement

rights as a Post Vienam Era Veteran and Desert Storm Era Veteran.

I should have been informed of the reinstatement codes concerning

me as an honorable 10 year military veteran of the United States

Navy and California Army National Guard concerning articles 873

and El-311 for which I was informed of these codes  after years

of heartache by Richard O. Gaytan ( EEO ) Representative and

not the Post Office.I was given the run around for years and not

properly reinstated. The codes for which Richard is referring to

refferes to the EAP ( Employee Assistence Program) within the

United States Post Office.

---

**I declare under penalty of perjury that the foregoing is true and correct.**

| Affiant's Signature | | Date Signed |
|---|---|---|
| Ricky Jacks    Ricky Jacks    10/11/06 | | 9-08-2004 |

PS Form 2568  March 2001



WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 · Expires July 24, 2010

| Page No. | No. Pages | Case No. |
|----------|-----------|----------|
| 8 | | 4F-945-0136-04 |

**UNITED STATES POSTAL SERVICE** ®

**EEO Investigative Affidavit** *(Continuation Sheet)*

As I have previously stated, I was not given any special procedures concerning reinstatement nor reassignment and since I had the Federal MSPB (Merit Systems Protection Board) Order with the reinstatement codes 873 and El-311 for which the Post Office did not inform me of and Richard O. Gaytan did that should have been enough so I could have gotten reinstated and given back pay and any other allowence to make my life better emptionally, spritually and professionally.

Anwser to Question 4.

Current Management should have been aware of my reinstatement rights, however they failed to inform me of the the reinstatement codes I had from the MSPB Order concerning Articles 873 and El-311 as a Post Vietnam Era Veteran. which concerned the EAP ( Employee Assistence Program). I also gave the Postal Management in the Las Vegas Nevada area and tne Oakland California area the MSPC Order. All that Las Vegas allowed me to do was to take the In-Service exam for which they placed me on the reinstatement list for which I was never called anyway. Mrs. White and Shelly Morris ( United States Postal Managers) totally evaded the reinstatement order.

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature

*RICKY Jacko*    *Ricky Jacko*    10/11/06

Date Signed 9-08-2004



WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-107678-2 · Expires July 24, 2010

PS Form 2819, March 200?

| Page No. | No. Pages | Case No. |
|---|---|---|
| 9 | | 4F-945-0136-04 |

**EEO Investigative Affidavit** *(Continuation Sheet)*

Anwser to Question 5.

    I applied for the current position around late 2003 and and 2004. I should have been qualified for the position based on my prior mail carrier expirence which was harder than it is now. to even hold the position. Also I should have been qualified based on all Postal Battery scores which I passed.concerning the In-Service Exams, however, Shelly Morris, Ms. White and Sandra Barton completely evaded this during the 2 re-dress metings that me and Richard O. Gaytan attended.


Anwser to Question 6.

I am not sure if the Carrier or Clerk positions that were offered to me by Ms. Shirley Morris and Mrs. White ( United states Postal Management located at 1675 7th Street Oakland California were filled nor Not. I have no access to this information except using the internet under OPM.Gov.


Anwser to Question 7.

    During the last re-dress meeting located at 1675 7th Street Oakland, California, that me, Richard O. Gaytan, Sandra Barton, Mrs. Shelly Morris and Mrs. White attended, I was not going to be reinstated by them due to another charge that happened over 8 years ago, 1997 to be exact concerning an old DuI charge that happened in California that was completely dismissed after 3 years which made my driving record completely clean.not to not to mention they stated I had to work somewhere for over a

**I declare under penalty of perjury that the foregoing is true and correct.**

Affiant's Signature: *Ricky Jacko*    *Ricky Jack 10/11/04*    Date Signed: 9-08-2004

PS Form 2588, March 2001

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107878-2 - Expires July 24, 2010

UNITED STATES
POSTAL SERVICE®

01189-RWR     Document 7-2

| Filed 11/19/2006 | Page No 3 of 26 |
|---|---|
| 10 | 1 | 4F-945-0136-04 |

**EEO Investigative Affidavit** *(Continuation Sheet)*

year. That was an unfair statement to keep me from being

reinstated. I passed the Battery In Service Exams so this

should have definitely qualified me without a doubt to be

be reinstated, not to mention the MSPB Order they should have

adhered to and they failed to do so.


The information was given to me by Ms. White, Mrs. Morris and

Sandra Barton during the last re-dress meeting me and Richard O.

Gaytan attended.


Anwser to Question 9.

I filed several grevience while employed by the United States

Post Office between 4-1985 and 8-1987 while at the Posal facility

located at 4300 Black Avenue Pleasanton, California. It is

ironic that the 1982 OPF records were in side my OPF file

jacket when I was first assigned for 89 days under Jose Cantu

(Poastmaster). Why are the 1985-1987 OPF files missing ?

Were the so-called charges alleged by Joyce Blackshure and

the grevivences I filed with Bruce Holt shredded ?

I had filed other EEO complaints also which I was also denied.


Anwser to Question 10.

I feel why retaliation was a factor because I simply stood up for

my rights as a Post-Vietnam Era Veteran for the last 18 years

and the United States Post Office are afraid that they made a

mistake and this includes Joyce Blackshure, Ms. White and

**I declare under penalty of perjury that the foregoing is true and correct.**

| Affiant's Signature | Date Signed |
|---|---|
| Ricky Jacks   Ricky Jack 10/11/06 | 9-08-2004 |

DS Form 1688  March 2001

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

**EEO Investigative Affidavit** (Continuation Sheet)

and Mrs. mMorris in addition to Mrs. Sandra Barton and

also due to the fact they know I am going for my back pay in

addition to the pain and suffering that was caused to me.

Compensatory damages.


Anwser to Question 10 continued.

The U.S.P.O should have been aware of my protected activity.

They should have carefully read the reinstatement codes 873 and

El-311 and adheared to them regardless of when they were written.


Anwser to Question 11

Yes. I have a physical disability. I have been recently

classified as having partial hearing less and ringing of the ears

Tintintius. I am recieving 10% Service Connected Veterans

Admininstration Compensation for this as of November of 2003

in addition to having pending service connected cases for

PTSD currently being reviewed by the Board of Veterans Appeals

in Washington, D.C. . I am currently on Social SecurityDisability

for PTSD ( Post Traumatic Stress Disorder).

I have been diagnosed as having PTSD ( Post Traumatic Stress

Disorder) by three Medical Professionals represented by the

Veterans Admininstration ( See V/A Medical Phycologiqal

Statements made in 2002 and 2004).

I am currently on Social Security Disability as previously

stated since 7-2001.to the present.


**I declare under penalty of perjury that the foregoing is true and correct.**

Affiant's Signature    Date Signed

*Ricky Jacks    Ricky Jack 10/11/06*    9-08.2004

PS Form 2816 March 7/94

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

**UNITED STATES POSTAL SERVICE** ®

**EEO Investigative Affidavit** *(Continuation Sheet)*

| Page No. | Page No. |
|---|---|
| 12 | 4F-945-0138-04 |

When I was first employed by the United States Post Office I had trouble sleeping quite a few nights.

I not only had and still have Post military nightmares, I also had high anxiety because of Joyce Blackshures hostile actions against me. My problems simply escalated. Although I performed my mail carrier assignments to the letter, I was not aware of the escalating PTSD nor any other illinesses nor was I informed by any any government agencies including the Veterans Admininstration of my conditions until I started attending the the Anger Management sessions at the Veterans Admininstration Hospital and the Michael O.Callahan Federal Hospital in Las Vegas, Nevada from 2001 to 2003.

Anwser to 2nd Page Questions.

1. Yes I have provided three statements from the Veterans Admininstration from Doctors and PTSD Specialists. that I have this medical and phycological problem PTSD and partial hearing loss including ringing of the ears. Tintintius.

2. No they were not. I wasn't even aware that I had PTSD nor hearing loss and skin problems until 2001, 2002,2003 and and 2004.

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature

*Ricky Jacks*    *Ricky Jacks 10/11/06*

Date Signed

9-08-2004

PS Form 2819  March 2001

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107676-2 - Expires July 24, 2010

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| **EEO Investigative Affidavit** *(Continuation Sheet)* | 13 | | 4F-945-0136-04 |

3. The Veterans Adminstration are chiefly aware.

   (See PTSD Statements).


4. Yes they were. When I applied for reinstatement and

   provided the United States Post Office with the proper

   documentation.


Anwser to Question 5.

Reasons are that when I was Enlisted in the United States Navy

and the California Army National Guard I worked around a lot

of machinery and was exposed to loud noise from weapons as well.

The so called proper hearing protection issued by the military

was supposed to be adauaate enough to prevent hearing problems

occuring later however this was not the case. During some United

States Postal instructions given by Joyce Blakshure issued to

me, I may have had to ask a couple of times to clarify the

instructions, but I was still able to perform my duties professio

naly to the best of my ability.


Anwser to Question 6.

PTSD was a major factor when I was a mail-carrier in 1982 and

in 1985 to 1987 because all of the Post military stress I had

endured and Joyce Blackshure's harrassments simply escalated my

illiness without me even knowing it.


**I declare under penalty of perjury that the foregoing is true and correct.**

Affiant's Signature
*Ricky Jacks*    *Ricky Jacks 10/11/06*

Date Signed
9-08-2004

PS Form 2569, March 2001

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

| EEO Investigative Affidavit *(Continuation Sheet)* | Page No. | No. Pages | Case No. |
|---|---|---|---|
| | 14 | | 4F-945-0136-04 |

Anwser to Question 12.

None. No employment status with the federal civillian sector since 8-13-1987. I have had EEO cases and have been in litigation with the United States Post Office for my reinstament rights and other compensation rights since 8-1987.

Anwser to Question 12/13.

I amnot aware of any other employees being granted re-instatement at all.

Answer to Question 14.

I am not aware of any employees who were denied reinstatement.

Anwser to Question 15.

I just heard though the grapevive that some people had heard of Joyce Blackshure and was somewhat aware of how she was treating African American males and Hispanics during that period.

Anwser to Question 16.

The most important documents are the MSPB Federal Order handed down by theHonorable Judge Phillip Aronado of November 9, 1990 stating the reinstatement codes 873 and El-311 that the USPO did not adhere to. I did my part and witdrew any other  further action during that period. They should have honored their commitment instead of evading the order and giving me the run around for over 14 plus years.

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | | Date Signed |
|---|---|---|
| *Ricky Jacks*   *Ricky Jacks 10/11/06* | | 9-08-2004 |



WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

| Page No. | No. Pages | Case No. |
|----------|-----------|----------|
| 15 |  | 4F-945-0136-04 |

**EEO Investigative Affidavit (Continuation Sheet)**

Not only this, they also again gave me false hopes of ever

even being able to clear my name and background and gain any

other type of career federal employment. I even went back to

school; a special type of Computer School called Computer

Learning Centers located in San Francisco, California and

sucessfully completed a 3 year University level course in

in Computer Operations concerning IBM Mainframes and interfaces.

to the point to I couldnt even obtain a federal job doing this

because every time I put in a federal application with a federal

agency the United States Postal incident appears.

Concerning Joyce Blackshures blunders against me.


Anwser to Question 17.

My resolution is immediate reinstatement to any position

of my choosing for which I am found qualified by either

battery test scores or by college certificates, military

documents or all combined. This includes any Postal data

Center in the contiential United States or the world where

where there is as opening. My resolution also consists of

seeking 14 to 18 years of back pay and compensatory damages

for all of the pain and suffering I endured. I am also

seeking the Form 50 Joyce Blackshure placed on top of my

my resignation stating Charges Pending be removed. I

also request that the United States Post office adhere to the

MSPB Order and treat me fairly like it should have been.

Thank you for your concern in this matter.

**I declare under penalty of perjury that the foregoing is true and correct.**

| Affiant's Signature | Date Signed |
|---------------------|-------------|
| Ricky Jacko  Ricky Jack | 9-08-2004 |

10/11/06

DS Form 2588  March 2001

WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107678-2 - Expires July 24, 2010

I have read the proceeding attached statement, consisting of __15__ pages, and it is true and complete to the best of my knowledge and belief. In making this statement, I understand Section 1001, Title 18 of the U.S. Code which states:

"Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and wilfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representation, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

## Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses,

grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

## Oath / Affirmation

Subscribed and (sworn) (affirmed) before me on this _____ day of _____, 20____.

_____ Affiant's Signature (Sign in the presence of EEO Investigator)

Signature of EEO Complaints Investigator    Signature of Affiant

## Declaration

**I declare, under penalty of perjury, that the foregoing is true and correct.**

*(Affiant, sign and date if attached statement was not completed in the presence of the EEO Investigator.)*

Affiant's Signature    Date Signed

Ricky Jacks    Rickyjacks    9-08-2004

PS Form 2571, May 2001    10/11/06



WILLIAM E. WARD
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 06-107876-2 - Expires July 24, 2010

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
SAN FRANCISCO REGIONAL OFFICE

RICKY JACKO,                          )
                Appellant,            )    DOCKET NUMBER
                                      )    SF07529110022
        v.                            )
                                      )
UNITED STATES POSTAL SERVICE,         )    DATE:  November 9, 1990
        Agency.                       )
                                      )
_____)

## ORDER

During a status conference on November 9, 1990, the appellant and the agency representative agreed to settle the apellant's appeal on the basis of the terms set forth below. On the basis of these terms, a Board decision dismissing the appeal has been issued.

The appellant and the agency representative agree that the following is a complete statement of all the terms of their settlement agreement, reached freely and in good faith, in consideration of the mutual promises made below.

1) The agency agrees to accept and consider the appellant's application and process it in accordance with § 873 of the Employment and Labor Relations Manual and provisions of Handbook EL-311.

2) The agency will also provide the appellant a copy of these cited povisions.

3) The appellant will withdraw his petition before the Board.

4) This agreement resolves the matters raised by the appellant in this petition, but it is understood by the parties that the Board has no enforcement power over the agreement in


EXHIBIT

Case 3:07-cv-03859-MHP    Document 1-2    Filed 07/27/2007    Page 27 of 37
Case 1:06-cv-01189-RWR    Document 7-2    Filed 10/13/2006    Page 21 of 26

2

this instance because the matters raised by the appellant are
not within the jurisdiction of the Board.

FOR THE BOARD:                    Philip L. Arnaudo
                                 Administrative Judge

EXHIBIT _1_
Page _7_ of _8_

**U.S. POSTAL SERVICE**
**RESIGNATION FROM POSTAL SERVICE**

INSTRUCTIONS:   EMPLOYEE complete Items 1 through 11 and submit form to your immediate supervisor, tour superintendent, or
other official designated to receive resignations.

The collection of this information is authorized by 39 USC 1001. This information will be used to finalize the record of your employment with the Portal Service. As a routine use, this information may be disclosed to an appropriate law enforcement agency for investigative or prosecutive purposes, to a congressional office at your request, to OMB for review of private relief legislation, to any agency where relevant to hiring, contracting or licensing, to a labor organization as required by the NLRA, to the EEOC when investigating an EEO complaint, and where pertinent, in a legal proceeding to which the Postal Service is a party.

TO BE COMPLETED BY RESIGNING EMPLOYEE

| 1. INSTALLATION OR STATION | 2. DATE SUBMITTED | 3. PRINTED NAME (Last, First and Middle) |
|---|---|---|
| US POST OFFICE  Pleasanton CA 94566 | 8-13-87 | Jacko , Ricky |

| 4. SOCIAL SECURITY NO. | 5. TOUR | 6. MAILING ADDRESS (House/Apt. No., Street, City, State and ZIP Code) |
|---|---|---|
| 546 31 9412 | | 433 44th ST  Richmond  CA  94805 |

7. REASON(S) FOR RESIGNATION (Give specific reason(s) for your resignation. Avoid generalized reasons such as, "Ill health," "Personal reasons," etc.
Use reverse for additional remarks.)

TO Return  to   college  VIA : persue   another   carrer Field

| SIGNATURE | 10. SUPERVISOR | 11. EFFECTIVE DATE (Resignation) |
|---|---|---|
| Ricky Jack | Jeryce Blackshaw | Richy Jack 8-13-87 |

Form b. 1980   2574          (File permanently in OPF)

EXHIBIT 1

| EFFECTIVE DATE | SEQUENCE NO. | | NOTIFICATION OF PERSONNEL ACTION | | | SOCIAL SECURITY NO. | |
|---|---|---|---|---|---|---|---|
| 8/13/87 | | USPS UCFE CODE: | | 323 | | 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 | |

**EMPLOYEE INFORMATION**

| LAST NAME | FIRST NAME | INIT. | DATE OF BIRTH | VET PREF | PRIOR CSRS | TSP ELIG. | LIFE INS. | RET PLAN |
|---|---|---|---|---|---|---|---|---|
| JACKSON | RICKY | | 11/26/59 | 2 | | E | R | B |

| LEAVE COMP | SERVICE DATES | | | TSP-SCD | NEXT STEP PR-YR | NOT TO EXCEED | | PROBATION PLAN | | EMPL STATUS |
|---|---|---|---|---|---|---|---|---|---|---|
| | ENTER ON DUTY | RETIREMENT COMP | | | | CODE | PR-YR | CODE | PR-YR | |
| 04/06/81 | 04/06/85 | 04/06/81 | | 04/06/85 | 01-88 | | | | | |

| CAT | LEAVE DATA | | | | SAVED PROTECTED DATA | | | | | | INDEF USPS | EMPL TYPE | SEX | WORK HT | HANDI CAP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | CHANGE RATE | TYPE | RSC | GRADE/STEP | PP-YR | HRS/PS | WK ES | SP CODE | | | | | | | |
| 6 | 09-94 | 1 | | | | | | | | | | | | | |

| CAREER CONDITIONAL DATE | EVL ANNIV PR-YR | FROZEN CSRS | CABL MIL SERV | ACADEMIC DATA | | | POSTAL LIFE | RETIRED MILITARY | COLA | RURAL | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | CODE | LEVEL | YEAR | DISCIPLINE | | | | HRS M |
| 4/06/85 | 08-85 | | | 2 | 07 | | | Y | | 2517 | |

| MAILING ADDRESS—STREET/BOX/APT. NO. | CITY | ST. | ZIP + 4 | DUTY STATION NAME |
|---|---|---|---|---|
| 331 HOLLY STREET | OAKLAND | CA | 94612-2344 | POSTMASTER PLEASANTON CA |

**POSITION INFORMATION**

| FINANCE NO. | EMPLOYING OFFICE NAME | | ZIP + 4 | PAY LOC | | | |
|---|---|---|---|---|---|---|---|
| 05-6138 | POSTMASTER | | | 131 | | | |
| | PLEASANTON | CA | 94566-9991 | | | | |

| DUTY STATION FINANCE NO. | LABOR DISTR. | DES/ACT | POS TYPE | LIMIT TOUR | RATE TYPE | ALLOW PR-YR | COV CODE | RED CIRCLE | ROUTE NO. | L-RATE KD | PAY TYPE | TRI-WKLY | FLSA | COMMIT | GUARANTEED SALARY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05-6138 | 2148 | 13 | X1 | | A | 55 | | 0 | | | | | | | |

**NATURE OF PERSONNEL ACTION**      **RURAL CARRIER DATA**

| NOA | NATURE OF ACTION DESCRIPTION | AUTHORITY | MERIT ANNIV. |
|---|---|---|---|
| 310 | RESIGNATION CHARGES PENDING | 39-USC SECT 1001 | |

| REMARKS | * CODE 504 | * CODE 521 | * CODE 522 | * CODE 645 | * |
|---|---|---|---|---|---|

EMPLOYEE TO BE PAID FOR ALL ACCUMULATED LEAVE TO WHICH ENTITLED UNDER EXISTING LAW.
F-8 ISSUED 08/13/87.
LST DAY IN PAY STATUS 09/13/87.
(14 20-AUG) RESIGNATION CHARGES PENDING TO SEPARATE EMPLOYEE FOR UNACCEPTABLE CONDUCT.
ARTICLE VI ANNIVERSARY PAY PERIOD YEAR IS  09-55

**SERVICE HISTORY INFORMATION**

| NOA | NOA DESCRIPTION | EFF DATE | OCCUPATION CODE | POSITION TITLE | RSC | GRADE/STEP | SALARY |
|---|---|---|---|---|---|---|---|
| 100 | CAREER APPT | 04/06/85 | 231001XX | CARRIER CITY OR SPC | | 05/B | 9.20 |
| 998 | CRPT (COLA) 051086 | 05/10/86 | 231001XX | CARRIER CITY OR SPC | | 05/B | 19427 |
| 997 | CONTR INC 071986 | 07/19/86 | 231001XX | CARRIER CITY OR SPC | | 05/B | 19927 |
| 998 | CRPT (COLA) 110886 | 11/08/86 | 231001XX | CARRIER CITY OR SPC | | 05/B | 20094 |
| 803 | CHG RET PLAN | 01/01/87 | 231001XX | CARRIER CITY OR SPC | | 05/B | 20094 |
| 893 | STEP INCREASE | 02/14/87 | 231001XX | CARRIER CITY OR SPC | | 05/C | 22198 |
| 998 | CRPT (COLA) 050987 | 05/09/87 | 231001XX | CARRIER CITY OR SPC | | 05/C | 22250 |
| 310 | RESIGNATION | 08/13/87 | 231001XX | CARRIER CITY OR SPC | | 05/C | 22250 |

EXHIBIT 1
Page 1 of 8

| AUTHORIZATION | JOSEPH R CARAVEO | DATE | OPF FINANCE N |
|---|---|---|---|
| | REGIONAL POSTMASTER GENERAL | 08/21/87 | 065/05-6 |

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
**NATIONAL GUARD BUREAU**
## REPORT OF SEPARATION AND RECORD OF SERVICE

| REPORT OF SEPARATION AND RECORD OF SERVICE IN THE¹ ARMY NATIONAL GUARD OF CALIFORNIA AND AS A RESERVE OF THE² ARMY |
|---|

¹ Insert either Army or Air    2. Enlisted personnel only - insert only Army or Air Force

| 1. LAST NAME · FIRST NAME · MIDDLE NAME | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NUMBER |
|---|---|---|
| JACKO RICKY (NMN) | ARNGUS/CAARNG | 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 |

| 4. DATE OF ENL | YR | MO | DA | 5a. RANK | 5b. PAY GRADE | 6. DATE OF RANK | YR | MO | DA | 7. DATE OF BIRTH | YR | MO | DA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 89 | 08 | 31 | PFC | E-3 | | 93 | 02 | 26 | | 58 | 11 | 26 |

| 8a. STATION OR INSTALLATION AT WHICH EFFECTED | | 8b. EFFECTIVE DATE | YR | MO | DA |
|---|---|---|---|---|---|
| DET 1 649TH MP CO, RICHMOND, CA 94804-4197 | | | 94 | 06 | 07 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. RECORD OF SERVICE | YRS | MOS | DAYS |
|---|---|---|---|---|
| N/A | (a) NET SERVICE THIS PERIOD | 04 | 09 | 07 |
| | (b) PRIOR RESERVE COMPONENT SERVICE | 02 | 00 | 00 |
| | (c) PRIOR ACTIVE FEDERAL SERVICE | 04 | 00 | 00 |

| 11. TERMINAL DATE OF RESERVE/MILITARY SERVICE OBLIGATION | YR | MO | DA | (d) TOTAL SERVICE FOR PAY | | | |
|---|---|---|---|---|---|---|---|
| | 94 | 06 | 07 | | 10 | 09 | 07 |

| 12. MILITARY EDUCATION (Course Title, number of weeks, month and year completed) | 13. PRIMARY SPECIALTY NUMBER, TITLE AND DATE AWARDED (Additional specialty numbers and titles) |
|---|---|
| DC/FF, 1 WK, APR 77/REPAIR PARTY TRAINING, 1 WK, DEC 77///NOTHING FOLLOWS/// | NONE |

| 14. HIGHEST EDUCATION LEVEL SUCCESSFULLY COMPLETED SECONDARY/HIGH SCHOOL 12 YRS/(Gr 1-12) COLLEGE 00 YRS | 15. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED THIS PERIOD (State Awards may be included) NAVY BTL "E" RBN/NDSM///NOTHING FOLLOWS/// |
|---|---|

| 16. SERVICEMAN'S GROUP LIFE INSURANCE COV | 17. PERSONNEL SECURITY INVESTIGATION | | |
|---|---|---|---|
| | a. TYPE | b. DATE COMPLETED | |
| ☒ YES ☐ NO | NONE | NONE | |
| AMT $ 100,000 | | | |

| 18. REMARKS |
|---|
| ING PERIOD: 910812-940607. NGB FORM 22 AND NGB FORM 55 MAILED BY FIRST CLASS MAIL TO INDIVIDUAL'S LAST KNOWN ADDRESS AS SHOWN IN ITEM 19.///NOTHING FOLLOWS/// |

| 19. MAILING ADDRESS AFTER SEPARATION (Street, RFD, City, County, State and Zip Code) | 20. SIGNATURE OF PERSON BEING SEPARATED |
|---|---|
| 433 4TH STREET RICHMOND, CA 94806 | SOLDIER NOT AVAILABLE TO SIGN |

| 21. TYPED NAME, GRADE AND TITLE OF AUTHORIZING OFFICER | 22. SIGNATURE OF OFFICER AUTHORIZED TO SIGN |
|---|---|
| DAVID T. TOLLEFSON, CW3, CA ARNG Acting Chief, Enlisted Personnel Management | Will O Thomas CW4 |

| 23. AUTHORITY AND REASON    OTAG ORD 117-541 DTD 21 JUN 94 |
|---|
| SEC 260 CALIF M/VC & PARA 8-27w NGR 600-200;FAILURE TO REPORT TO ANNUAL MUSTER |

| 24. CHARACTER OF SERVICE | 25. TYPE OF CERTIFICATE USED | 26. REENLISTMENT ELIGIBILITY |
|---|---|---|
| HONORABLE | NGB FORM 55 | RE CODE: 1 |

| 27. | ☐ REQUEST    ☐ DECLINE COPIES OF MY NGB FORM 22    INITIALS _____ |
|---|---|

CERTIFICATE ... OF DISCHARGE
FROM ACTIVE DUTY

FORM 214
1 JUL 75

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NO. |
|---|---|---|
| JACKO, RICKY DON | NAVY - USN | 546 : 11 : 9412 |

| 4a. GRADE, RATE OR RANK | 4b. PAY GRADE | 5. DATE OF BIRTH | 6. PLACE OF ENTRY INTO ACTIVE DUTY |
|---|---|---|---|
| FA | E2 | 26 NOV 58 | OAKLAND, CA |

| 7. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8. STATION WHERE SEPARATED |
|---|---|
| USS LONG BEACH CGN-9 | USS LONG BEACH CGN-9 AT SAN DIEGO, CA |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE |
|---|---|
| NAVAL RESERVE PERSONNEL CENTER, NEW ORLEANS, LA 70149 | AMOUNT $ 20 ,000  [ ] NONE |

| 11. PRIMARY SPECIALTY NUMBER, TITLE AND YEARS AND MONTHS IN SPECIALTY (Additional specialty numbers and titles involving periods of one or more years) | 12. RECORD OF SERVICE | YEAR(S) | MON(S) | DAY(S) |
|---|---|---|---|---|
| DG-9760  ELECTRICAL/MECHANICAL EQUIPMENT | a. Date Entered AD This Period | 76 | AUG | 04 |
| REPAIRMAN | b. Separation Date This Period | 80 | AUG | 03 |
| (02 YEARS, 11 MONTHS) | c. Net Active Service This Period | 04 | 00 | 00 |
| | d. Total Prior Active Service | 00 | 00 | 00 |
| | e. Total Prior Inactive Service | 00 | 00 | 00 |
| | f. Foreign Service | 00 | 00 | 00 |
| | g. Sea Service | 03 | 08 | 11 |
| | h. Effective Date of Pay Grade | 79 | DEC | 19 |
| | i. Reserve Oblig. Term. Date | 82 | AUG | 03 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (all periods of service) |
|---|
| NAVY BATTLE "E" RIBBON |

14. MILITARY EDUCATION (Course Title, number weeks, and month and year completed)
ECC FOR EM 362, MRPO 362, M/L EXAM FOR E-4, PAR FOR EM3, DC/FF, 1 WK, APR 77, REPAIR PARTY TRAINING, 1 WK, DEC 77.

| 15. MEMBER CONTRIBUTED TO POST VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | [X] NO  [ ] YES | 16. HIGH SCHOOL GRADUATE OR EQUIVALENT [X] YES [ ] NO | 17. DAYS ACCRUED LEAVE PAID |
|---|---|---|---|

18. REMARKS
NONE

| 19. MAILING ADDRESS AFTER SEPARATION | 20. MEMBER REQUESTS COPY 6 BE |
|---|---|
| 265 VERNON STREET, APT. 202 | SENT TO CA  DIR OF VET |
| OAKLAND, CA 94607 | AFFAIRS  [X] YES [ ] NO |

| 21. SIGNATURE OF MEMBER BEING SEPARATED | 22. TYPE SIGNATURE/GRADE SIGNATURE OF OFFICIAL |
|---|---|
| /s/ Ricky Jackso | A. BONILLA, PNC, USN, ASST PERSOFFBYDIR OY C.O. |

SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
|---|---|
| RELEASE FROM ACTIVE DUTY AND TRANSFER TO NAVAL RESERVE | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENLISTMENT CODE |
|---|---|---|
| BUPERSMAN 3840260.2 | LBK/942 | RE-3R |

28. NARRATIVE REASON FOR SEPARATION
REL, RELEASE FROM ACTIVE DUTY AND TRANSFER TO NAVAL RESERVE

| 29. DATES OF TIME LOST DURING THIS PERIOD | 30. MEMBER REQUESTS COPY |
|---|---|
| NONE | /s/ RS |

Case 3:07-cv-03859-MHP  Document 1-2  Filed 07/27/2007  Page 32 of 37
08/25/2003 12:03 TEL 661 726 1128        AV ONE-STOP CAREER CTR.
        Case 1:06-cv-01189-RWR  Document 7-2  Filed 10/13/2006  Page 26 of 26



DEPARTMENT OF VETEF ⸱⸱ AFFAIRS
**Medical Center**
1700 Vegas Drive
Las Vegas, NV 89106

In Reply Refer To:

October 16, 2002                    Re: Ricky Jacko
                                    SSN: 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

To whom this concerns:

    Mr. Jacko has asked me to write a letter in his behalf concerning Post Traumatic Stress Disorder (PTSD).  This is to inform you that Mr. Jacko has been diagnosed in July 2002 with chronic PTSD by the PCT PTSD Team at the Southern Nevada Healthcare System, Las Vegas, NV.  He continues to receive treatment at this facility.

    Mr. Jacko experienced events of extreme stress while on active military duty in U.S. Navy from 1976-1980.  He continues to experience symptoms of PTSD at the moderate to severe level in both frequency and intensity of the symptom.  He remains in the early treatment stage for PTSD, and the severity of the PTSD symptoms are expected to remain unchanged for the foreseeable near future.

    If additional information is needed, please feel free to contact me at 702.636.3000 x4415.

Sincerely,

Gustave E. Krauss, MBA, MA
Licensed Professional Clinical Counselor
State of Ohio #E-0001359
PTSD Services

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICKY JACKO )
)
Plaintiff, )
)
v. )    Case No: 06-1189 (RWR)
)
LARRY BARNES, POSTMASTER )
)
Defendant. )
_____)

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
### OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The Defendant, Larry Barnes, Postmaster of the United States Postal Service

("Defendant" or "USPS") et al., through counsel, submits this reply in support of Defendant's

Motion to Dismiss, or in the alternative, Motion for Summary Judgment on Plaintiff's

employment discrimination complaint. In his Response, Plaintiff fails to address the issues

raised in Defendant's dispositive motion. Instead, Plaintiff realleges that his record of

unacceptable conduct should have been "squashed." See Response at 2. In addition, Plaintiff

attached to the Response, his prior affidavit in connection to a complaint filed with the Equal

Employment Opportunity Commission, where as in this case, he alleged that Defendant

wrongfully failed to reinstate him. See Response at 2.

### ARGUMENT

### I.    No breach of settlement agreement

In his Response, Plaintiff re-alleges without support that his record of unacceptable

conduct should have been "squashed." Response at 2. Plaintiff alleges in the Complaint that he

was entitled to a revision in his "SF 50" (which in effect would "squash" reports of unacceptable

conduct) and that Defendant breached the parties' 1990 settlement agreement by not modifying
his SF 50. Compl. at 3.

However, the November 9, 1990 Order memorializing the terms of the settlement which
resolved a complaint filed by Plaintiff with the Merit System Protection Board does not call for
any modification to Plaintiff's SF 50. If a settlement agreement is a complete integration of the
parties' understanding and there is no ambiguity in the meaning of its terms, the court must find
that the parties are bound by the express terms of the agreement and may not introduce extrinsic
evidence to contradict or modify its express terms. See Johnson v. Reno, supra, 1996 U.S. Dist.
LEXIS 5347 at 21 (citing United States v. Sears, Roebuck and Co., 623 F. Supp. 7, 9 (D.D.C
1984), aff'd, 778 F.2d 810 (D.C. Cir 1985)). Plaintiff alleges no ambiguity in the meaning of the
settlement agreement and the Settlement Order states that it is "a complete statement of all the
terms of their settlement agreement." Settlement Order attached to the Complaint. Because the
settlement agreement is fully integrated and represents the entire agreement between the parties,
Plaintiff is not entitled to a revision in his SF 50. Thus, Defendant did not breach the settlement
agreement. Compl. at 5.

**II.**     Plaintiff Does Not State a Claim for Disability Discrimination

Plaintiff alleges that Defendant discriminated against him based on his disability when
they refused to reinstate him. The Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 et
seq., prohibits discrimination against any employee or job applicant who is an individual with a
disability. In pertinent part, the Rehabilitation Act defines an "individual with a disability" as a
person who has "a physical or mental impairment which substantially limits one or more of such
person's major life activities." 29 U.S.C. § 705(20)(B). In sum, the terms of the disability

2

definition must be "interpreted strictly to create *a demanding standard for qualifying as disabled.*" Toyota, supra, 122 S.Ct. 690, 691 (emphasis added).  Here, Plaintiff merely states in the Complaint that he has Post Traumatic Stress Disorder ("PTSD"), he does not allege a substantial limitation on any major life activity.  Therefore, Plaintiff has not alleged the standard for a qualified disabled person.

## III.    Defendant had legitimate, nondiscriminatory reasons for not reinstating Plaintiff

Even assuming, *arguendo*, that Plaintiff could make out a *prima facie* case of disparate-treatment discrimination, Defendant had legitimate, nondiscriminatory reasons for not reinstating him at the Big Valley, California postal facility.  The burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 803-805 (1973), governs the analysis of Plaintiff's disability discrimination claim.  Cones v. Shalala, 199 F.3d 512, 516 (D.C. Cir. 2000); see also Duncan v. Washington Metropolitan Area Transit Authority, 240 F.3d 1110, 1114 (D.C. Cir. 2001) (employing McDonnell-Douglas test for ADA claim).  Under this test, the plaintiff has the initial burden of proving by a preponderance of the evidence a "*prima facie*" case of discrimination.  Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).  If the plaintiff is able to establish a *prima facie* case, the burden shifts to the defendant to produce credible evidence that its actions were taken for a legitimate, nondiscriminatory reason.  Id.  If the defendant meets this burden of production, the burden shifts back to the plaintiff to present evidence that the stated reason was pretextual.  Id.

Here, Defendant legitimately denied reinstatement for Plaintiff based on: 1) his unemployment for the past two years; and 2) his employment history at the Pleasanton Post Office, from April 1985 to August 1987, as contained in his Official Personnel File.  See EEOC

3

Decision at 1-2, attached to the Complaint. Furthermore, Plaintiff cannot show that any non-disabled employee with a similar history of unemployment and negative work conduct was treated more favorably than he. Thus, Plaintiff cannot show that Defendant's reasons for terminating him were pretextual.

## CONCLUSION

Based upon the foregoing, Defendant respectfully requests that Plaintiff's complaint be dismissed with prejudice or in the alternative, summary judgment be granted in Defendant's favor.

October 30, 2006                    Respectfully submitted,

                                    /s/
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney

                                    /s/
                                    RUDOLPH CONTRERAS, D.C. BAR # 434122
                                    Assistant United States Attorney.

                                    /s/
                                    ANDREA McBARNETTE, D.C. Bar # 483789
                                    Assistant United States Attorney
                                    555 Fourth Street, N.W.
                                    Washington, D.C. 20530
                                    (202) 514-7153

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Dismiss or, in the Alternative, for Summary

Judgment has been served on October 30, 2006 on Pro Se Plaintiff, Ricky Jacko, via postage

prepaid mail addressed as follows:

Ricky Jacko
160 Sinclair Street
Apt. #257
Reno, NV 89501

_____/S/_____
ANDREA McBARNETTE, D.C. Bar #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153