SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney

450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone: (415) 436-6962
Facsimile: (415) 436-6748
Email: melissa.k.brown@usdoj.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICKY JACKO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN E. POTTER POSTMASTER ) <br> GENERAL UNITED STATES POSTAL ) <br> SERVICE, ) <br> ) <br> Defendant. ) | No. C 07-03859 MHP <br><br> **DEFENDANT'S CASE MANAGEMENT STATEMENT** <br><br> Date: November 26, 2007 <br> Time: 4:00 p.m. <br> Place: Courtroom #15 |

Defendant John E. Potter, Postmaster General ("Defendant")[1] seeks dismissal of this action L.R. 3-11 (b) due the Plaintiff Ricky Jacko's ("Plaintiff") failure to notify defendant of a change of address. Regular U.S. mail addressed to Plaintiff at the address listed on the court docket has been returned to this office as undeliverable mail.

The undersigned's attempts to reach Plaintiff via telephone have been unsuccessful. Accordingly, defendant submits this separate Case Management Statement.

**1. Jurisdiction and Service:** It is unclear which statutory provisions this Complaint is brought under because the complaint is unintelligible. However, Plaintiff appears to assert a

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, John E. Potter the current Postmaster General is substituted for Larry Barnes the former Postmaster General.

JCMS
No. C 07-03859 MHP                          -1-

claim for disability discrimination which would fall within the scope of the Rehabilitation Act 29 U.S.C. §791 *et. seq*. Defendant contends that jurisdiction may not be proper. Plaintiff filed his initial complaint in United States District Court for the District of Columbia Case No. 06-1189 (RWR). Plaintiff's case was dismissed for improper venue and transferred to the U.S. District Court for the Northern District of California in July 2007. The U.S. Attorneys Office for the Northern District of California has not been served with a new Complaint or Summons.

**2. Facts:** Plaintiff alleges that the defendant the United States Postal Service engaged in employment discrimination based upon disability when it failed to reinstate him. Plaintiff further alleges a claim for retaliation. Plaintiff seeks reinstatement as a mail carrier and damages. Defendant's investigation of the facts and allegations of the Complaint is ongoing.

**3. Legal Issues:** Defendant's investigation of the facts and allegations of the Complaint is ongoing, but below are some of the legal issues that may arise.

>Whether Plaintiff has failed to exhaust administrative remedies with respect to the claims alleged.
>
>Whether any of Plaintiff's claims are time-barred.
>
>Whether any adverse employment action was taken against Plaintiff.
>
>Whether Plaintiff is a "qualified individual" under the Americans with Disabilities Act.
>
>Whether "similarly situated employees" were treated more favorably than Plaintiff.
>
>Whether there were legitimate non-discriminatory factors that justify Defendant's actions.
>
>The applicability of the settlement agreement between the parties and its effect on Plaintiff's right to seek reinstatement.
>
>Whether Plaintiff has alleged facts sufficient to state a claim.

**4. Motions:** Defendant's review and investigation of the facts and complaint is ongoing. Defendant anticipates filing a motion to dismiss and in the alternative motion for summary judgment shortly. Defendant requests a briefing schedule with respect to such motion.

**5. Amendment of Pleadings:** Defendant is not aware of any intent by Plaintiff to amend

his complaint.

**6. Evidence Preservation:**. Although counsel for Defendant is still in the process of identifying potentially relevant documents in this case, the Defendant is taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit.  The Defendant is not presently aware of any document destruction programs that would apply in this case.

**7. Disclosures:** Defendant will provide initial disclosures within three weeks of the Case Management Conference.

**8.  Discovery:** The Parties have not yet conducted any discovery.  Defendant does not request any departure from the discovery rules set forth in the Federal Rules of Civil Procedure and the Civil Local Rules, including the 25-interrogatory limit under Rule 33 and the 10-deposition limit under Rule 30.

At this time, the Defendant anticipates taking discovery on the following subjects: all facts and circumstances underlying Plaintiff's claims for employment discrimination.  To that end, the Defendant anticipates propounding interrogatories, requests for admission, and requests for production of documents and anticipate deposing Plaintiff and any witnesses he may identify in his initial disclosures.  Furthermore, the Defendant may designate experts in this case.  The Defendant anticipates that it will need approximately six months to complete fact discovery, and approximately one month to complete expert discovery.

**9. Class Actions:** Not applicable.

**10.  Related Cases:** Counsel for Defendant is not aware of any related cases.

**11.  Relief:** Plaintiff seeks reinstatement or disability retirement, back pay, compensatory damages, and damages for pain and suffering and punitive damages.

**12.  Settlement and ADR:** Defendant has not been able to reach Plaintiff to discuss settlement and ADR. Defendant submitted an ADR Certification and Notice for ADR Phone Conference on November 8, 2007.

**13.  Consent to Magistrate Judge For All Purposes:** Defendant does not consent to a magistrate judge.

JCMS
No. C 07-03859 MHP                           -3-

**14. Other References:** Not applicable.

**15. Narrowing of Issues:** Defendant believes that a motion for summary judgment may completely resolve or narrow the issues in this case.

**16. Expedited Schedule:** This case is not appropriate for an expedited schedule.

**17. Scheduling:**

>Proposed fact discovery cut-off: May 23, 2008
>
>Proposed cut-off for initial expert reports: May 30, 2008.
>
>Proposed expert discovery cut-off: April 30, 2008.
>
>Proposed dispositive motion hearing cut-off: June 30, 2008.
>
>Proposed pretrial conference date: August 29, 2008.
>
>Proposed trial dates: September 29, 2008, 2008.

It should be noted that counsel for Defendant is not available for trial on July 14, 2008 or October 20, 2008 because of trials in other matters. Nor is counsel for Defendant available for trial the during August 2, 2008 through August 12, 2008 because counsel will be out of the country.

**18. Trial:** Plaintiff has not demanded a trial by jury.

**19. Disclosure of Non-Party Interested Entities or Persons:** The disclosure requirement in Civil L. R. 3-16 does not apply to governmental entities.

**20. Other Matters:** Plaintiff has not provided current address. U.S. mail sent to Plaintiff at the address listed on the docket has been returned to the U.S. Attorneys Office as "undeliverable." Moreover, the undersigned's attempts to contact Plaintiff via telephone have been unsuccessful. Accordingly, defendant requests dismissal of this action pursuant to Local Rule 3-11(b). There are no other matters at this time.

DATED: November 16, 2007            Respectfully submitted,

                                    SCOTT N. SCHOOLS
                                    United States Attorney

                                              /s/
                                    _____
                                    MELISSA K. BROWN
                                    Assistant United States Attorney
                                    Attorneys for Defendant

JCMS
No. C 07-03859 MHP              -4-

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT'S CASE MANAGEMENT STATEMENT**

<u>Ricky Jacko v. Larry Barnes, Postmaster General</u>
C 07-3859 BZ

to be served this date upon each of the persons indicated below at the address shown:

Ricky Jacko, Pro se
160 Sinclair Street, #257
Reno, NV 89501

[√]  **BY FIRST CLASS MAIL** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

[ ]  **BY PERSONAL SERVICE (BY MESSENGER)**: I caused such envelope to be delivered by hand to the person or offices of each addressee above.

[ ]  **BY FACSIMILE (FAX)**: I caused each such document to be sent by facsimile to the person or offices of each addressee above.

[ ]  **BY E-MAIL**: I caused each such document to be sent by e-mail to the person or offices of each address above.

[ ]  **BY FEDERAL EXPRESS**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed November 16, 2007 at San Francisco, California.

_____/s/_____
KATHY TERRY
Legal Assistant

JCMS
No. C 07-03859 MHP         -5-